[No. 728.   Decided March 25, 1893.]

W. D. ROBERTSON, *Respondent*, v. P. A. WOOLLEY *et al.*,
*Appellants*.

### CONTINUANCE — ABSENCE OF WITNESS.

A party to an action cannot be forced to trial the instant the
cause is at issue, but is entitled to a continuance, upon a proper
showing that the principal witness is absent from the state.

*Appeal from Superior Court, Skagit County.*

*Metcalfe, Little & Jurey*, for appellants.
*Sinclair & Smith*, for respondent.

The opinion of the court was delivered by

STILES, J.— We are wholly unable to see why the ap-
pellants should not have had a continuance of this case.
Their answers were placed on file, without any unreason-
able delay, about May 25, 1892, and thereupon the re-
spondent demurred to them, and the demurrer was, on
June 7th, sustained as to the second affirmative defense
only.   Leave was given to plead further upon payment of
all accrued costs, and on June 15th an amended answer
was filed, to which respondent replied the next day.   Ap-
pellants then immediately, and before the cause was set for
trial, moved for a continuance of the cause to the next reg-
ular session of the court upon affidavits showing that the
principal defendant, the manager of the business out of
which the suit grew, and the person with whom all of the
transactions were had, was necessarily, but only temporarily,
absent in another state.   But the court denied the motion,
and, without any cause being shown for the unusual pro-
ceeding, ordered the trial to begin immediately.   Neces-
sarily, therefore, the appellants did not have a fair trial.
It is not necessary that a party to an action should be in

court with his witnesses, ready for trial, on the instant that the cause is at issue. Until the issues are determined he cannot know what proof will be needed; and in every case such reasonable time after the pleadings are on file should be given the parties as will enable them to make proper preparation. It is useless to appeal to the rule that this court does not interfere with the exercise of the discretion of the superior courts; time to prepare for trial is a matter of right as much as time to plead, and cannot be taken away under any principle of justice. Reference is made to a rule of the superior courts which would have postponed the trial of this cause without any motion, but the rule is not in the record, and we do not base our action to any extent upon it.

DUNBAR, C. J., and HOYT and SCOTT, JJ., concur.

ANDERS, J., not sitting.