[No. 1434.  Decided January 4, 1895.]

THOMAS GOULD, *Appellant*, *v.* M. D. GLEASON ET AL., *Respondents.*

### PLEADINGS—AMENDMENT—ABUSE OF DISCRETION OF TRIAL COURT.

The action of the trial court in permitting the amendment of an answer to a complaint on a promissory note, on the day of trial, so as to change an admission of its execution to a denial thereof, without a showing of good grounds therefor, and its refusal to grant a new trial to plaintiff, who was misled by the original answer into

the assumption that no proof of execution was necessary, is an abuse of discretion on the part of the court warranting a reversal.

*Appeal from Superior Court, Clallam County.*

*Lamoreux & Gay* and *Allen & Powell*, for appellant.

*Trumbull & Trumbull* and *Louis Williams*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—Plaintiff brought suit against the defendants upon a certain promissory note. The first answer filed by the defendants contained the following allegation : "First. They admit making the note sued on as set out in plaintiff's complaint." An affirmative defense was also pleaded. After the cause was called for trial and while a jury was being empaneled, the defendants asked permission to amend their answer, which was granted ; whereupon an amended answer was filed which made some change in the form of the affirmative defense, and which also denied the execution of the note.

The plaintiff was examined and testified as follows :

"I am the plaintiff in this cause. (Witness shown papers). This is a promissory note for the sum of $284.35. It appears to be signed 'M. D. Gleason and S. Gleason.' I am the owner and holder of the note."

Whereupon the note was offered in evidence, to which the defendants objected on the grounds that it was incompetent and that the proper foundation had not been laid. The objections were overruled and the note admitted in evidence. On cross-examination the plaintiff testified as follows :

"I don't know that the defendants executed the note ; I was not present at the time. I gave money to W. B. Gould, my cousin, to loan for me. He gave me this note and told me he had loaned the money to the defendants. All I know about the transaction is what he told me."

The original answer was not put in evidence nor was the execution of the note proved, nor any further testimony

given; but both parties rested and the defendants immediately moved the court to instruct the jury to bring in a verdict for the defendants, which motion was granted and a verdict rendered accordingly. A motion for a new trial was made within the statutory time, which was denied by the court, and this appeal was taken.

It is contended by the appellant that he was misled on the trial of the cause as to the denial of the execution of the note in the amended answer; that he did not notice the same at the time and supposed that said answer only amended the affirmative defense. The respondents contend that the affidavits of the appellant showing these facts cannot be considered, for the reason that they were not made a part of the statement of facts. However this may be, the substance of the facts relied upon by the appellant appears in the record otherwise. The original answer is in the files, and it was verified by one of the defendants in person. It appears that the amended answer was filed upon the same day that the case was tried, and that the amendment in question was granted without any showing therefor by the defendants.

We think it was an abuse of discretion upon the part of the court to permit the answer to be amended to deny the execution of the note after the cause had been called for trial, without some good ground having been shown to warrant it. While the point of the want of proof of the execution of the note is included in the grounds stated in the objection which was made to its admission, yet the same was not clearly called to the attention of opposing counsel, the objection being upon the grounds that it was incompetent and that the proper foundation had not been laid. The court, however, saw fit to overrule this at the time, but after the testimony was concluded, directed the jury to bring in a verdict for the defendants; and this was the only defect in the proofs.

Under the circumstances, we think the motion for a new trial should have been granted. The court having permitted the amended answer denying the execution of the note to be filed, we shall not direct such denial to be stricken un-

der the present aspect of the case, but we reverse the judgment and remand the cause for a new trial.

DUNBAR, C. J., and STILES and HOYT, JJ., concur.