[No. 1883. Decided July 10, 1895.]

AXEL W. SWARM, *Respondent,* v. JAMES BOGGS *et ux.,* *Appellants.*

DEED OF MORTGAGED PREMISES TO MORTGAGEE — STIPULATION FOR RE-
PURCHASE — CONSTRUCTION.

Where a mortgagor, for the purpose of saving the expense of a foreclosure suit and in satisfaction of the debt, conveys the mortgaged premises to the mortgagee by an instrument in the form of a warranty deed, with a provision therein contained that the "grantors shall have the right to redeem or re-purchase said premises at any time within one year, by paying the said sum of $1175, together with interest until said redemption at the rate of fifteen per cent. per annum, and all costs and taxes paid by the grantee; the grantors to have possession for said year," the instrument must be construed, not as a mortgage, but as an absolute deed, with a right in the grantors to re-purchase upon the conditions set forth.

*Appeal from Superior Court, Thurston County.*

*Byron Millett,* for appellants :

Appellants contend that the above instrument is a mortgage because it was given to secure a pre-existing debt; that it was given in lieu of the prior mortgage, and was a mere change of securities. The consideration of the second mortgage was the amount due on the first. 1 Pingrey, Mortgages, § 117; *Ruffier v. Womack,* 30 Tex. 332; *Dougherty v. McColgan,* 6 Gill & J. 275; *Murphy v. Calley,* 1 Allen, 107; *Woodward v. Pickett,*

8 Gray, 617; 1 Jones, Mort. Real Prop. (2d ed.), § 273. In all doubtful cases, whether instrument was intended as a mortgage or sale, the court will hold that a mortgage was intended. 1 Jones, Mort. Real Prop., § 279; *Trucks v. Lindsey*, 18 Iowa, 504; *Russell v. Southard*, 12 How. 151. Possession of grantors a strong circumstance that mortgage was intended. 1 Jones, Mort. Real Prop. (2d ed.), § 274; 1 Pingrey, Mortgages, § 117; *Clark v. Finlon*, 90 Ill. 245; *Hoffman v. Ryan*, 21 W. Va. 415. Absence of personal liability is not a conclusive test. The creditor may have required that form of security to hide the true nature of the transaction. *Russell v. Southard*, 12 How. 139, 152; *Brown v. Dewey*, 1 Sandf. Ch. 56.

*John C. Kleber*, for respondent:

If the relation of debtor and creditor remains and the debt still subsists, it is a mortgage; but if the debt be extinguished by the agreement of the parties, or the money advanced is not by way of a loan, and the grantor has the privilege of refunding, if he pleases, by a given time, and thereby entitle himself to a reconveyance, it is a conditional sale. *DeBruhl v. Maas*, 54 Tex. 472; *Slee v. Manhattan*, 1 Paige, 48; *Conway v. Alexander*, 7 Cranch, 237; *Slowey v. McMurray*, 72 Am. Dec. 251; *Holmes v. Grant*, 8 Paige, 248; *Brewster v. Baker*, 20 Barb. 368; *Baker v. Thrasher*, 4 Denio, 493; *Lee v. Kilburn*, 3 Gray, 594; *Flagg v. Mann*, 14 Pick. 467; *Randall v. Sanders*, 87 N. Y. 578; *Perdue v. Bell*, 3 South. 698; *Horbach v. Hill*, 112 U. S. 144; *Buse v. Page*, 32 Minn. 111; *Butman v. James*, 34 Minn. 547; 2 Devlin, Deeds, § 1115, 1120; 1 Jones, Mort. Real Prop., § 267; *Ford v. Irwin*, 18 Cal. 117; *Hickox v. Lowe*, 10 Cal. 197; *People v. Irwin*, 14 Cal. 429; *Weathersly v. Weathersly*, 40 Miss. 462; *Calhoun v. Lumpkin*, 60 Tex. 188.

The opinion of the court was delivered by

HOYT, C. J.—In March, 1891, the defendants became the owners in fee simple of the real estate, the title and the right to possession of which was in controversy in this action. Thereafter they made, executed and delivered to one August Swarm their promissory note for $1,000, and to secure its payment, made and delivered a mortgage upon the property. In May, 1893, the note so secured by this mortgage became due and payable, the principal and interest at that date amounting to the sum of $1,175. On the last named date the defendants made, executed and delivered an instrument which, with the exception of the clause to be hereinafter set out, was in the form of a warranty deed, conveying the premises in question to the person named as mortgagee in the aforesaid mortgage, August Swarm, who thereafter and before the commencement of this action conveyed all of his right, title and interest in the property to the plaintiff. The clause above referred to, which was inserted in what would clearly without such insertion have been a warranty deed, was in the following language :

"This deed is given in satisfaction of a certain note and mortgage for $1,000, dated March 25, 1891, and said grantors shall have the right to redeem or repurchase said premises at any time within one year, by paying the said sum of $1,175, together with interest until said redemption, at the rate of fifteen per cent. per annum, and all costs and taxes paid by the grantee; the grantors to have possession for said year."

And the effect of said clause upon the character of the instrument is the only question presented by this record. The appellants contend that its effect was to make of said instrument a mortgage, while the respondent claims that it conferred upon the grantors

therein only the right to re-purchase the premises upon the conditions therein set out.

A deed which purports to convey a fee simple title will be held to be a mortgage when it is made to appear, either from the face of the instrument or from oral testimony, that the parties intended it only as security. This rule is of long standing and has become so well established that it is not now open to discussion. It is also well settled, at least in the courts of this state, that a deed absolute upon its face will be construed in accordance with its terms when it is so intended by the parties, even although it be accompanied by a contemporaneous agreement to re-convey within a specified time, upon the payment of a certain specified amount. See *Dignan v. Moore,* 8 Wash. 312 (36 Pac. 146).

It follows that the instrument in question must be construed as an absolute deed, unless the intention of the parties to treat it as security, only, appears from the clause above set out. We are unable to gather any such intention from the language used. It clearly appears therefrom that the debt for which the grantee had before that time held a mortgage upon the property was, by the making of this instrument, to be satisfied, and this being so, there would be nothing in the language tending to establish the contention of the appellants, were it not that in connection with the right to re-purchase the word "redeem" is used, and in another place the "redemption of the property" is spoken of. But, in our opinion, the use of these words, when construed in connection with language which shows the evident intent of both parties to have been that the debt should be paid by the making of the instrument, was not sufficient to continue in force such debt; and if it was not so continued, then no

debt whatever existed as between the grantors and the
grantee after the delivery of the instrument; and
while that fact might not in itself conclusively deter-
mine the character of the instrument, it is a circum-
stance which in all the cases has been given great
weight in determining the question under considera-
tion.    It. appears from the face of this instrument,
taken as a whole, that it was intended by the parties
to take the place of a mortgage then in force between
them, and to hold that by its execution and delivery
no substantial change had been wrought in the rela-
tions of the parties would be to hold that the making
of the instrument was but an idle ceremony.

. In addition to the deed which was put in evidence,
there were certain facts, bearing upon the question
under consideration, agreed upon by the parties, but
nothing appears therefrom to in any way aid the ap-
pellants in their contention that the deed was intended
as a mortgage.   On the contrary, it clearly appears
therefrom that their intention was by the execution of
this instrument to save the expense and prevent the
delay incident to the foreclosure of a mortgage.

When the instrument is construed in connection
with the circumstances surrounding its execution, as
shown by the agreed statement of facts, it appears be-
yond question that the parties did not intend such
instrument as a mortgage, but, on the contrary, in-
tended that thereby the absolute title should pass
from the grantors to the grantee, with the right in the
grantors to re-purchase in accordance with the condi-
tions stated in the instrument.   And since the rule
under which a deed was held to be a mortgage was
originated, that the real intent of the parties should
be given force, the language of the instrument should
not be nullified unless it is shown that it did not cor-

rectly interpret the intention of the parties. The rule in some cases may have been extended so as to furnish relief to a grantor when it was not made to appear that the instrument did not express the intention of the parties, but this has only been done upon proof of such a want of adequacy in the consideration as to raise a presumption of fraud, or at least of overreaching by the grantee as against the grantor. In the agreed statement of facts in the case at bar there is no suggestion that the consideration for which the deed was made was not the full value of the property, and this being so, the intention to pass title evidenced by the instrument having been controverted neither by the clause contained therein nor by the circumstances surrounding its execution, must be given force.

The judgment of the superior court must be affirmed.

DUNBAR, ANDERS and SCOTT, JJ., concur.

GORDON, J., not sitting.