[No. 4653.  Decided October 1, 1903.]

## T. M. REED, JR., *et al., Appellants,* v. JANE L. PARKER *et al., Respondents.*[1]

DEMURRER—ERROR—WAIVER BY PLEADING OVER.  Error in sustaining a demurrer to a complaint is waived by the filing of an amended complaint.

APPEAL—REVIEW OF FINDINGS.  Findings of the trial court that an absolute deed was not intended as a mortgage will not be disturbed when it does not manifestly appear that the court erred as to the weight of the evidence.

MORTGAGES—DEED FROM MORTGAGEE—WHEN NOT AN ASSIGNMENT —OPTION TO REPURCHASE.  Where an absolute deed is given as a mortgage, a conveyance by the mortgagee at the owner's request to a third person, who pays the debt, is not to be construed as an assignment of the mortgage when the same was made pursuant to an agreement with the owner including additional consideration, and reserved a mere option to repurchase the property.

[1]Reported in 74 Pac. 61.

MORTGAGES—NECESSITY OF DEBT—OPTION—CONDITIONAL SALE—
ABSOLUTE DEED—WHEN NOT A MORTGAGE. A contract providing that
the defendants should take title to and possession of plaintiffs'
realty, upon discharging a mortgage and other liens thereon, and
that plaintiffs should have the right to repurchase within two
years upon repayment of the sums paid with interest and taxes,
is not a mortgage, but is a mere option or conditional sale, which
is forfeited after expiration of the time, where the contract ex-
pressly so provides, and there was no gross inadequacy of price,
and no obligation on the part of plaintiffs to repay said sums, as
there was no debt capable of enforcement and no mutuality of
right to foreclose and redeem.

SAME—INADEQUACY OF PRICE. In such a case where the prem-
ises were worth $2,500, and the amount paid was over $1,700, with
interest and taxes for two years, there was no gross inadequacy
of price.

Appeal by plaintiffs from a judgment of the superior
court for Thurston county, Linn, J., entered January 5,
1903, upon the findings and decision of the court in favor
of defendants, after a trial before the court without a jury,
dismissing on the merits a complaint to reform a deed as
a mortgage, and decreeing that the defendants are the
owners in fee of the premises. Affirmed.

*G. C. Israel,* for appellants.

*Vance & Mitchell,* and *Walker & Munn,* for respondents.

HADLEY, J.—On September 30, 1898, appellants were
the owners of certain real estate in Thurston county. They
had previously conveyed said property by deed to one
George S. Allen, and received from the latter a written
agreement in the nature of a defeasance, whereby he
agreed to reconvey the premises to them upon their pay-
ment of a named sum of money within a specified time.
The deed was made in consideration of, and to secure, an
existing indebtedness, and on the date above mentioned
said indebtedness was still unpaid. At the same time a

prior mortgage existed against said property in favor of one M. Augusta Allen for the sum of $1,000.

The specified time for payment under the George S. Allen contract being near at hand, the appellant Ida Mc Kenny Reed, for herself and as attorney in fact for her husband and co-respondent T. M. Reed, Jr., was desirous of arranging to pay the same. Mrs. Reed, her husband being in Alaska, endeavored to devise some plan for raising the necessary money to pay said claim. She entered into negotiations with the respondent Maude P. Anderson, her intimate personal friend, for the purpose of trying to formulate a plan. Said Maude P. Anderson is the daughter of respondents Jane L. Parker and John G. Parker, and is the wife of respondent I. W. Anderson. Mrs. Anderson actively conducted the negotiations with Mrs. Reed, which finally resulted in the execution of a deed by said George S. Allen and wife, conveying the property in question to said Jane L. Parker, and in the further execution of a written contract, on the date first above named, between Mrs. Parker and husband upon the one part, and Mrs. Reed and husband upon the other. Mrs. Anderson claims to have conducted the negotiations in behalf of her mother and father, who are somewhat advanced in years. Respondent Munn acted as counsel for the other respondents during the negotiations. Subsequently the property was transferred to him by deed, but he claims no interest therein, and says he holds the legal title simply as trustee for Mrs. Parker.

Contemporaneously with the execution of the deed and contract, Mrs. Parker, at the request of Mrs. Reed, paid to George S. Allen the amount of his claim, together with some other small claims against the property, amounting in all to the sum of $665.84. When George S. Allen re-

ceived said payment, he, at the request of Mrs. Reed, conveyed the property to Mrs. Parker, and she and her husband thereupon entered into possession of the same, and occupied it as a home.

The said written contract executed at that time recites, in substance, that Jane L. Parker is the owner of the premises, and desires to give a good and sufficient contract for the sale and conveyance thereof; that she and her husband agree that, at the expiration of two years from the date of the instrument, they will convey by good and sufficient deed to Mrs. Reed and husband the premises described, upon the payment of the following sums of money, to-wit: the sum of $665.84, paid as aforesaid by Mrs. Parker to procure the deed from George S. Allen; also the sum of $50, paid by Mrs. Parker to discharge the premises from the lien of the judgment; also the sums which may be hereafter expended by Mrs. Parker in the payment of interest on the said M. Augusta Allen mortgage of $1,000, which mortgage constitutes a first lien upon the premises and secures a principal debt in said sum; also all sums expended by Mrs. Parker in the payment of taxes due or hereafter to become due against said premises, including taxes paid at the date of instrument; also all sums expended in maintaining insurance on the premises or the improvements thereon in such sum as shall secure the investment of Mrs. Parker; also ten per cent. interest upon each sum so expended, from the time of its expenditure until the expiration of said two years.

It is further provided that, if the payment of said several sums of money be not made to Mrs. Parker and husband at the expiration of two years from the date of the contract, then the rights of Mrs. Reed and her husband shall lapse and be forfeited. Mrs. Parker and her hus-

band, from time to time as required, made the above enum-
eràted payments. The two years expired, and appellants
failed to make the payment as in the contract provided.
Some time thereafter Mrs. Parker and her husband paid
the principal of said $1,000 mortgage, the interest having
been kept up by them, and procured its satisfaction of
record.

Some months afterwards Mrs. Reed and her husband
demanded an accounting, that they might pay the amount
called for by said contract and procure a conveyance of the
said property to themselves. The demand was refused.
They then brought this action, and alleged that the afore-
said transaction constituted a loan to them, secured by
their mortgage upon the said real estate, and that the trans-
action was understood by the parties, and intended by
them, to be a loan secured by mortgage. It is also alleged
that Mrs. Reed was unused to business transactions, and
relied upon respondents as her personal friends, and par-
ticularly upon Maude P. Anderson, to have the instru-
ment so drawn that it would state a contract amounting
to a loan secured by mortgage. The complaint prays that
the deed to Mrs. Parker shall be declared to be a mort-
gage, that an accounting may be had for the purpose of
redemption, and that a decree be made cancelling and an-
nulling the alleged mortgage upon the payment of the
necessary amount.

Issue was joined by way of denials and affirmative de-
fenses to the effect that said transaction was not, and was
not intended to be, a loan, but was a purchase of the prop-
erty by Mrs. Parker, with a contract to sell, granting to
Mrs. Reed and husband a mere option to purchase at the
expiration of two years. A trial was had before the court
without a jury, which resulted in a judgment in favor of

defendants to the effect that the plaintiffs had no right, title, or interest in, or claim to, said land, either in law or equity. The plaintiffs have appealed.

It is first assigned that the court erred in sustaining the demurrer to the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action. After ruling upon the demurrer, appellants obtained leave of court to file a second amended complaint, which was thereafter filed. Issue was joined with this second amended complaint, and the trial was had under such issues. We have already held that an erroneous ruling sustaining a demurrer to a complaint is waived by taking leave to amend and thereafter filing an amended complaint.

"To make the error available, the pleader must refuse to amend, and stand on his complaint, and appeal from the judgment the trial court may enter against him." *Prescott v. Puget Sound Bridge etc. Co.*, 31 Wash. 177, 71 Pac. 772.

It follows that this claim of error cannot now be reviewed.

Several assignments of error are directed to the findings of the court. The findings are extensive, but, in substance, they cover the ground hereinbefore stated with reference to facts which are practically undisputed, and also further ground concerning disputed facts, in effect as follows: That, at the beginning of negotiations between the parties, Mrs. Reed, acting for herself and as attorney in fact for her husband, stated to the respondents Parker and Maude P. Anderson that George S. Allen held a warranty deed to the premises in controversy, and had given appellants a contract by which they could redeem on or before October 1, 1898; that said Allen would not grant any extension of time, but demanded fulfillment of the contract

on or before the date named; that appellants then offered to sell the premises to the said Parkers and Maude P. Anderson, and give therefor a deed of full warranty, if they would pay and satisfy the claim of said Allen, and would receive a deed of warranty from said Allen and wife, and would contract and agree with appellants that they would, at the expiration of two years, resell the property to appellants for the price aggregating the sums hereinbefore set out; that the fair market value of the property at the time of the transaction was $2,500; that Mrs. Reed, acting for both appellants, expressed a desire to obtain an option to repurchase said property at said time, in said way, and for said sums, and did not desire to make a loan or to execute a mortgage; that she did not require, ask for, or obtain any contract of defeasance concerning said property; that thereupon the contract which in effect is hereinbefore stated was drawn up, executed, and acknowledged by the parties thereto; that the same was carefully read by Mrs. Reed, explained to her, and fully understood by her; that said contract does, and did, express the real meaning and intent of the parties thereto; that it was never understood between the parties to the contract that appellants were under any moral or legal obligations to repurchase the property, or to repay said money, but that it was the intention that appellants might have an option to repurchase, and might pay said money consideration, if they elected to exercise such option, but not otherwise. It is further found that respondents in no way deceived or mislead appellants, or conspired to do so; that Maude P. Anderson acted as agent for her mother, Jane L. Parker, in all negotiations leading up to the sale and purchase of the property. The above seem to us to be the only material points in the findings necessary to be stated here.

8-33 WASH.

We have carefully read all the evidence, and we are un-willing to say that the weight thereof does not support the findings of the court. If the written contract is considered alone, without reference to any extrinsic testimony, we think it clearly sustains the findings. The other testimony, as it appears in the record, is such that the trial court could well find that the weight thereof was with respondents; and, since it does not manifestly appear to us that the court erred in that regard, we shall not disturb the findings.

It is next assigned that the court erred in its conclusions of law to the effect that the transaction between the parties was a conditional sale of the premises in controversy, and was not a mortgage. The appellants urge that the deed held by George S. Allen was a mortgage, which is prob-ably true, inasmuch as it was made in consideration of a prior indebtedness, and was accompanied with a contract to reconvey, by the terms of which appellants personally obligated themselves to repay the debt within the time named. Upon the theory that the said Allen deed was a mortgage, appellants further urge that, when he made his deed to Jane L. Parker upon her payment to him of the amount of his claim, he thereby assigned to her his mort-gage, and that she then stood in the position of an assignee of said mortgage.

It will be remembered, however, that the transfer from Allen to Mrs. Parker was procured at the instance of ap-pellants, and was not based wholly upon the payment of the Allen claim, but upon the further consideration that Mrs. Parker should make certain other payments, which were not secured by the Allen transaction, and which in no way concerned him as mortgagee. The deed from Allen was therefore, in effect, a transfer from appellants, since it was upon their request and for a consideration named

and fixed by them. The payment to Allen extinguished his claim, canceled the mortgage feature thereof, and the amount paid him became a part only of the consideration moving to appellants for the transfer which they caused to be made to Mrs. Parker. We think, therefore, that Mrs. Parker cannot be said to have been the assignee of a mortgage from Allen, but was an actual purchaser from appellants, receiving the title by their direction from Allen. Contemporaneously with the transfer of the title thus effected, the written contract with appellants was executed, and Mrs. Parker and husband entered into possession of the property and have since retained the same.

Under the findings as to value, it cannot be said that there was gross inadequacy of price, when we consider the amounts paid and assumed by Mrs. Parker, together with the outstanding $1,000 mortgage against the property. That fact, together with all other facts and circumstances in evidence considered by the court, led to the finding that the contract expressed the real intent and meaning of the parties. We must therefore refer to its terms to determine its legal effect. Its principal terms have already been stated. There is no provision therein by which appellants promised to pay the sums of money mentioned, and no language from which it can be inferred that they were so obligated. We think Mrs. Parker would have been unable, under the terms of the contract, to enforce the payment of said sums as an indebtedness of appellants, and that the latter were simply privileged to make the payments and repurchase if they chose so to do. After stating that if appellants shall fail to make payment at the time specified, the language of the instrument is, "then the rights under this contract on the part of the parties of the second part shall lapse and be forfeited." The fol-

lowing clause concludes the statement of the terms of the agreement: "It is especially understood and agreed between the parties hereto that the said parties of the second part have no right or interest in or to said premises except a right to the conveyance of said premises upon the terms herein agreed at the expiration of said two years."

The quoted words are so direct and unequivocal that we are unable to interpret them as being susceptible of more than one meaning; that is to say, that a mere option to purchase, or conditional sale, was intended. Especially is this so, in view of the fact that it is expressly stated that Mrs. Parker is the owner of the premises, and no obligation to pay the money as an element of an intended mortgage is assumed by appellants. To have created the relation of mortgagor and mortgagee between the parties, it was essential that there should have been a debt capable of enforcement by action, and which was intended to be secured by the mortgage. There could be no debt when there was no liability therefor. A mere privilege to pay did not impose an obligation so to do. Upon this subject Chief Justice MARSHALL observes:

"It is, therefore, a necessary ingredient in a mortgage, that the mortgagee should have a remedy against the person of the debtor. If this remedy really exists, its not being reserved in terms will not affect the case. But it must exist in order to justify a construction which overrules the express words of the instrument. Its existence, in this case, is certainly not to be collected from the deed. There is no acknowledgment of a preexisting debt, nor any covenant for repayment. An action at law, for the recovery of the money, certainly could not have been sustained; and if, to a bill in chancery praying a sale of the premises, and a decree for so much money as might remain due, Robert Alexander had answered that this was a sale and not a mortgage, clear proof to the contrary must have been

produced to justify a decree against him." *Conway's Ex'rs v. Alexander,* 7 Cranch, 218, 237.

An instrument in writing cannot be converted into a mortgage when there is absence of mutuality of right both to foreclose and redeem. *Chaires v. Brady,* 10 Fla. 133. See, also, *Rue v. Dole,* 107 Ill. 275; *Saxton v. Hitchcock,* 47 Barb. 220; 1 Jones, Mortgages (5th ed.), § 269; 20 Am. & Eng. Enc. Law (2d ed.), 942, and cases cited.

It being established that the transaction was a conditional sale, and not a mortgage, it follows that the failure of appellants to comply with the expressed terms of the contract operated to forfeit their rights thereunder. The time for payment expired September 30, 1900. No tender of payment was made about that date, and no tender or demand for an accounting was made until June, 1901. One seeking a reconveyance to himself under a conditional sale must strictly comply with the conditions imposed upon him. 4 Kent, Commentaries (14 ed.), 144; *Slowey v. McMurray,* 27 Mo. 113, 72 Am. Dec. 251; *Hoopes v. Bailey,* 28 Miss. 328. To the same effect is *Swarm v. Boggs,* 12 Wash. 246, 40 Pac. 941.

For the foregoing reasons, we believe the court did not err in its conclusions of law, and the judgment is affirmed.

FULLERTON, C. J., and ANDERS, MOUNT, and DUNBAR, JJ., concur.