[No. 5247.    Decided March 31, 1905.]

SARAH MAY WRIGHT et al., Respondents, v. NORTHERN
    PACIFIC RAILWAY COMPANY, Appellant.[1]

CONTINUANCE—TRIAL AMENDMENT TO COMPLAINT. INTRODUCING
NEW CAUSE OF ACTION—DEFENDANT'S RIGHT TO NOTICE AND TIME
TO PREPARE DEFENSE—RAILROADS—NEGLIGENCE—DEATH OF PEDES-
TRIAN AT CROSSING—PLEADING—AMENDMENT—DISCRETION.    Where
a complaint alleged the negligence of a railroad company in
running a train through a town at a dangerous rate of speed
without any head light or warning signals, whereby a pedestrian
on the track was struck and instantly killed, it is an abuse of
discretion to refuse the defendant a continuance and a reasonable
time to prepare its defense, where at the trial the plaintiff was

[1]Reported in 80 Pac. 197.

allowed to amend the complaint by setting up that the deceased was struck and placed in a position of great peril, and that the train crew, after bringing the train to a stop, negligently permitted the same to move forward and kill the deceased, although counsel in moving for the continuance was not able to make the affidavit to the effect that he would be able to prove, by other witnesses than those on hand, that the defendant was not guilty of the negligence charged in the amendment; since the defendant was misled as to the character of its defense and deprived of its statutory right of notice.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered November 24, 1903, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for the death of a pedestrian struck by defendant's train. Reversed.

*B. S. Grosscup* and *John M. Bunn,* for appellant.

*Robertson, Miller & Rosenhaupt* and *L. O. Whitsell,* for respondents.

DUNBAR, J.—Action for personal injuries. The complaint alleged, in substance, that, on the 22d day of November, 1902, the defendant was engaged in operating its passenger trains through and past the town of Gem, Idaho; that there was a public user of the track at that place, which was known to the defendant, and that it was the duty of the defendant, while operating its trains through the said town, to ring its bell, sound its whistle, and provide adequate lights and signals to warn the public generally; that, at about the hour of seven o'clock, P. M., the deceased, who had but recently arrived at Gem, proceeded to cross said track at a public crossing maintained by the defendant company; that it was dark; that the defendant had negligently omitted to provide any proper or adequate lights, or to sound a whistle, or to ring any bell, or to provide a sufficiently wide right of way

5-38 WASH.

clear of obstruction at said place; but negligently operated its roads in said narrow street, and neglected to maintain any lookout or flagman; and, so negligently operating the said train, caused the same to run at great speed in the dark along its said track, and negligently backed an engine with the tender in front of the engine without any headlight thereon, without blowing or sounding the said whistle, or in any manner warning the deceased of its said approach; and, while the deceased was upon the track, not being aware of the presence of, or able to see, the train, the company negligently and carelessly ran the tender and train over and upon the said deceased, instantly killing him.

The answer was a denial of the alleged negligence of the defendant, and an allegation of contributory negligence on the part of the deceased. The reply denied the affirmative allegations of negligence in the answer. The cause was assigned for trial November 17, 1903, at which time the parties appeared in court. The plaintiffs at that time served upon the defendant a motion to amend the complaint by striking out the allegation that the train ran "upon the deceased, instantly killing him," and asked leave to insert, in lieu of such words, the following:

". . . and upon the said deceased, the said tender of said engine striking the said deceased and knocking him down on the track in front of said tender and engine, and pinioning the clothes of the said deceased under the wheels of said tender, and thereby placing the said deceased in a position of great peril, and bruising, maiming and injuring him thereby; that the train crew of said train, including the conductor and engineer, became and were informed of the position and peril of said deceased, and said train did then, while the said deceased was in such a position, come to a stop, the said deceased lying on said track down grade from the train, which was thereupon by the said defendant and its said train crew, negligently

and carelessly permitted to start down grade, and did thereupon crush, bruise, and kill the said deceased by the said defendant negligently permitting its said train to run and be operated in the said negligent manner."

The defendant objected to this amendment, but the objection was overruled, and the amendment allowed. Upon the trial, verdict was rendered in favor of the plaintiffs for $30,000. The court set aside $10,000, allowing the verdict to stand at $20,000, $10,000 having been remitted by the plaintiffs, and the judgment was entered for said sum of $20,000. Upon motion for a new trial, the action of the court in allowing the amendment *supra* was presented in favor of the motion, which motion was denied.

The case comes here on the simple proposition that the court erred in allowing the amendment to the complaint, over the objection of the defendant. The plaintiffs urge the oft repeated announcement by this court that much discretion is vested in the trial court on questions of amendments to pleadings and granting new trials for newly discovered evidence; but while an appellate court is always loath to interfere with this discretion, yet it seems to us that this cause presents a case of abuse of discretion to the injury of the defendant. It will be seen at a glance that an entirely new cause of action was presented by the amendment. The issues were sharply defined in the original complaint, answer, and reply. It was the ordinary case of an alleged negligent running of a train, on one side, with alleged contributory negligence on the other. Those were the issues which the defendant was called upon to contest. In them there was not embraced any question of wanton negligence of the defendant, after the train had struck the deceased, and in striking, as alleged in the complaint, had instantly killed him. It is true that the attorney for the defendant was not able to make the affidavit

which is probably ordinarily made in cases of this kind, to the effect that he would be able to prove, by other witnesses than those he had at hand, that the defendant had not been guilty of wanton negligence; but, under the circumstances of the case, it was impossible for him to make such affidavit. He had made all the affidavits that he could make, naturally, under the circumstances. Upon the coming in of the court at two o'clock, the following colloquy occurred:

"Mr. Bunn: While the defendant regrets very much the necessity of moving to continue the trial of this case on account of the amended complaint offered, I feel it is my duty, under the circumstances, to do so, and I will state that it is utterly impossible for us to meet the complaint as it is now set forth at this time, and I cannot advise the defendant that it can safely go to trial, or go to trial at all. I therefore move that the case be continued at the costs of the plaintiff until the coming term. The Court: The motion will be denied. Is there any reason outside of the mere statement of the affidavit filed? Mr. Bunn: I have an affidavit that has been already served and filed, setting forth the facts upon which it is requested. The Court: Is there any affidavit stating what you expect to prove by any absent witnesses? Mr. Bunn: We are setting up the amendment as the cause of the continuance. We have witnesses here to support our theory of the first cause of action that has been pending in this court for eight months, and a new cause of action is set forth now. I will state, in the form of an affidavit if necessary, that we are utterly unable and in my opinion we cannot safely go to trial. The plaintiffs in their affidavit as supporting their motion for an amended complaint, it is true, make a statement that the defendant has certain witnesses here and all eye-witnesses, or a number of eye-witnesses to the accident. But how plaintiffs know that fact to be true I cannot say. I cannot say whether they had or not, but I know that a new cause of action is set up, and there may be all kinds of defenses put into this case, as it now stands, and I ask permission to file an affidavit to that effect."

Much more was said by the counsel, and he asked that the case be continued on that ground.

"The Court: It has not been made to appear to the court yet that it is necessary for you to have any different evidence than you would before the amendments were allowed. All you are able to say is that you do not know. Mr. Bunn: That is all I am able to say."

The court was mistaken in what had been made to appear. It certainly ought to have appeared to the court from the amendment that different evidence would be necessary to meet the allegations of the amendment than would have been necessary to meet the allegations of the original complaint. It must be true, in the nature of things, that all that the counsel stated was all that he was, or could have been, able to say; and he ought to have been allowed time to ascertain whether he could obtain different testimony or not, on the new issues which were tendered by the amendment. The defendant was allowed twenty days in which to prepare its testimony, in answer to the allegations of the complaint. The amended complaint evidently contained the allegations upon which the plaintiffs finally concluded, in the main, to rely. In any event, if the allegations of negligence in running the train had failed, and the allegations in the amendment had been proven, the plaintiffs would still be entitled to a judgment, and an investigation of the record shows that the allegations of the amendment were the allegations upon which the plaintiffs mostly relied, and upon which hinged the great contest in the case. So that, as a matter of right, the defendant should have been allowed at least twenty days in which to prepare its defense to the amended complaint. The plaintiffs appropriated all of this time to obtaining testimony upon which to base a new cause of action. Common justice requires that the defendant should not be placed in a more disadvantageous position, so far as notice

is concerned, than it occupied at the time the original notice was given, and it certainly was so placed by the intervention of the new cause of action. A defendant, when he is originally served, may not be able to state just what he can prove in answer to the allegations of the complaint. That is why the twenty days' time is given him by the law, so that, during that time, he can ascertain what testimony he can command and have it ready for use in the trial. It was decided by this court, in *Robertson v. Woolley,* 6 Wash. 156, 32 Pac. 1060, that a party to an action cannot be forced to trial the instant the cause is at issue, but is entitled to a continuance upon a proper showing that the principal witness was absent from the state; .and in discussing the proposition it was said:.

"It is useless to appeal to the rule that this court does not interfere with the exercise of the discretion of the superior courts; time to prepare for trial is a matter of right as much as time to plead, and cannot be taken away under any principle of justice."

In the case at bar, neither time to plead nor time to prepare was allowed to the defendant, but it was compelled to plead at once to an allegation concerning the truthfulness of which it had no knowledge, and had not had time to acquire any knowledge, and if it had not denied it, it would have been in peril of a judgment on the pleadings. The action of the trial court in permitting the amendment of an answer to a complaint on a promissory note, on the day of trial, so as to change an admission of its execution to a denial thereof, without a showing of good grounds therefor, and its refusal to grant a new trial to plaintiff, who was misled by the original answer into the assumption that no proof of execution was necessary, is an abuse of discretion on the part of the court warranting a reversal. *Gould v. Gleason,* 10 Wash. 476, 39 Pac. 123.

It cannot be gainsaid that the defendant in this case was misled as to the character of the defense which it was called upon to make. The statute provides that the complaint shall contain a plain and concise statement of the facts constituting the cause of action, without unnecessary repetition. It is this plain and concise statement of facts constituting the cause of action which the defendant is given twenty days to answer; and, when another plain and concise statement of facts, constituting another cause of action, is interpolated into the original complaint, the reason of the law will grant the same, or at least a reasonable time for preparation for answer before trial.

It was held in *Eldridge v. Young America etc. Min. Co.*, 27 Wash. 297, 67 Pac. 703, that, in an action for the rescission of a contract on the ground of fraud, it was error for the court to refuse a continuance to defendant, where the plaintiff on the trial had been allowed to amend his complaint so as to set up an additional fraudulent representation. In fact, we think that, under all authority, the defendant in this case must be held to have been deprived of the statutory right of notice.

The judgment will, therefore, be reversed, and a new trial ordered.

MOUNT, C. J.; HADLEY, and FULLERTON, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.