[No. 15845. Department One. July 16, 1920.]

JOHN R. O'REILLY, INCORPORATED, *Appellant*, v.
BERT O. TILLMAN *et al.*, *Respondents*.[1]

PLEADING (119)—ANSWER—AMENDMENT—DISCRETION. It is not an abuse of discretion to allow an answer to be amended at the trial by withdrawing an admission where there was no showing that the plaintiff was misled.

MORTGAGES (20) — ABSOLUTE DEED AS MORTGAGE — EXISTENCE OF DEBT TO BE SECURED. The relation of mortgagor and mortgagee is not created upon the placing in escrow of a deed and notes for money advanced where both deed and notes were to be returned to the maker if paid, and if not paid, the notes were to be returned to him and the deed delivered to the grantee; since it is clear there was no intent to create an enforcible debt secured by mortgage.

FRAUDS, STATUTE OF (9)—ORAL AGREEMENT FOR LAND—REDEMPTION FROM MORTGAGE. An oral agreement to permit the grantor in an escrow deed one year in which to redeem the property, relates to real property, within the statute of frauds, and is unenforcible.

Appeal from a judgment of the superior court for King county, Smith, J., entered December 9, 1919, upon granting a nonsuit, dismissing an action for equitable relief, tried to the court. Affirmed.

[1]Reported in 191 Pac. 866.

*James Kiefer,* for appellant.

*Poe & Falknor,* for respondents.

MAIN, J.—As indicated by the allegations of the complaint, this was an action to compel the reconveyance of certain real estate, and for an accounting for the rents, issues and profits thereof. The action was in effect one to have the defendants, who were in possession of the property under a deed, declared to be mortgagees. In the answer the defendants had admitted making a loan to the plaintiff. When the case was called for trial, they asked permission to amend their answer by withdrawing this admission, which was granted. The case proceeded to trial before the court without a jury, and at the conclusion of the plaintiff's case, the defendant moved to dismiss the action because a case had not been made out. This motion was sustained and the judgment of dismissal entered. From this judgment, the plaintiff appeals. The appellant is a corporation organized under the laws of this state, and for convenience will be referred to here as O'Reilly. The respondents are husband and wife.

Appellant was the owner of certain real estate in the city of Seattle which was incumbered by two mortgages. On December 18, it, having further obligations to meet, made a note in the sum of $675, payable to Tillman, due thirty days after date. At the same time the appellant executed a statutory warranty deed naming the respondents as grantee therein. The note and deed were not delivered to the respondents, but placed in escrow with the Dexter Horton Trust and Savings Bank. The escrow agreement recites that the deed and note are to be delivered to O'Reilly, the appellant, on or before January 17, 1919, upon the condition that

the note be paid according to its tenor. The directions to the escrow holder contained the following:

"You will carry out instructions as stated above, and if not complied with at maturity, return said deed to B. O. Tillman and said note to T. R. O'Reilly, Inc."

This agreement was executed on December 19, 1918, and signed by O'Reilly and Tillman. The note, when it became due, was not paid and a thirty-day extension was granted. On February 18, when the time covered by the extension expired, the parties withdrew the escrow, the note was returned to O'Reilly, and the deed delivered to Tillman. On the same date, the deed was filed for record. When these papers were withdrawn, a second escrow agreement was made under date of February 18, 1919. O'Reilly at this time made a note for the sum of $725, payable to Tillman. Tillman and wife executed a quitclaim deed covering the same real estate which was covered in the prior deed from O'Reilly to them. The note and quitclaim deed were placed in escrow with the same holder as in the former agreement. This escrow recites that the note and deed, on or before March 18, 1919, was to be delivered to O'Reilly upon condition that the note was paid according to its tenor. The direction to the escrow holder was as follows:

"You will carry out instructions as stated above, and if not complied with at maturity, return said note to John R. O'Reilly, Inc., and said deed to Burt O. or Martha M. Tillman on demand."

On March 17, 1919, a third escrow agreement was entered into. At this time a note for $700, executed by O'Reilly and payable to Tillman, was made. The note was placed in escrow, together with the quitclaim deed above mentioned. The escrow agreement recites that the note and deed are to be delivered to O'Reilly

on or before May 18, 1919, upon the condition that the note is paid according to its tenor. The direction to the escrow holder was as follows:

"You will carry out instructions as stated above, and if not complied with at maturity, return said note to John R. O'Reilly, Inc. and said deed to Burt O. or Martha M. Tillman."

This last note was not paid. A day or two before May 18, 1919, when it became due, the parties withdrew the papers from escrow, returned the deed to Tillman and the note to O'Reilly. Soon thereafter Tillman went into possession of the property, paid off the second mortgage, expended money in its repairs and improvements, and collected the rents. It is to be noted from the facts stated that, under no one of the three escrow agreements, was any of the three notes at any time to be delivered to any one other than O'Reilly, the maker. Under the first escrow, the note was to be returned to O'Reilly, if paid, also the deed. It not being paid when the extension granted expired, the note was returned to O'Reilly and the deed delivered to Tillman. Under the second escrow, if the note was paid, the note and deed were to be delivered to O'Reilly. If not paid, the note was to be returned to O'Reilly and the deed to Tillman or wife. Under the third escrow, the same disposition of the note and deed was to be made as under the second, that is, the note, if paid, was to be returned to O'Reilly and the deed delivered to him; if the note was not paid, it was, in this event, to be returned to O'Reilly and the deed delivered to Tillman or wife.

Error is first assigned upon the ruling of the court permitting the answer to be amended, as above stated, when the cause was called for trial. This is a matter which is largely in the discretion of the trial court,

and unless the appellate court can see that that dis-
cretion has been abused, it will not be interfered with.
In the case of *Gould v. Gleason,* 10 Wash. 476, 39 Pac.
123, the amendment there permitted operated to mis-
lead the plaintiff. In the case of *Brown v. Baruch,*
24 Wash. 572, 64 Pac. 789, the amended answer was
filed after the issues had been joined, and it was there
held that the trial court had not abused its discretion
in permitting the amended answer. In that case it
was said:

"Much discretion is vested in the superior court in
this particular, and, unless the appellate court can see
that that discretion was abused, it will not be inter-
fered with. In addition to this, there was no applica-
tion for additional time to prepare for the defense to
what are termed new allegations in the answer."

In the present case, there is no showing that the ap-
pellant was misled by the answer as amended, or that
it made any application for additional time to prepare
for its defense thereto. The trial court, in permitting
the amendment, did not abuse its discretion.

Upon the merits, the question is whether the relation
between the parties, as disclosed by the facts, was that
of mortgagor and mortgagee. If this were the rela-
tion, it may be admitted that the proper judgment was
not entered. If the relation of mortgagor and mort-
gagee did not exist, then the case was rightly decided
by the superior court. When it is sought to establish
that a deed is in fact a mortgage, the primary ques-
tion, as pointed out in *Hoover v. Bouffleur,* 74 Wash.
382, 133 Pac. 602, is "the true intent as it is to be
gathered from the whole transaction." In determining
whether the transaction did in fact create the relation
of mortgagor and mortgagee, as stated in *Plummer
v. Ilse,* 41 Wash. 5, 82 Pac. 1009, "the principal test

to be applied is whether the relation of the parties towards each other of debtor and creditor continued after the execution of the deed." To create the relation of mortgagor and mortgagee it is essential that there should be a debt capable of enforcement by action and which was intended to be secured by a mortgage. In *Reed v. Parker*, 33 Wash. 107, 74 Pac. 61, upon this question it is said:

"To have created the relation of mortgagor and mortgagee between the parties, it was essential that there should have been a debt capable of enforcement by action, and which was intended to be secured by the mortgage. There could be no debt when there was no liability therefor. A mere privilege to pay did not impose an obligation so to do."

In the present case, the facts stated show that the parties were careful to avoid creating a debt which could be enforced by action and which was intended to be secured by a mortgage. At no time, under any of the escrow agreements, were the promissory notes, or any of them, to be delivered to the respondents. If an action had been brought, claiming that there was a debt capable of enforcement and which was intended to be secured by the deed as a mortgage, the appellant would well have answered that it was not thus liable because, by the agreement of the parties, if the note was not paid it was to be returned to the maker, the appellant, and the respondents' only right was to the possession of the deed. The whole transaction shows that the true intent was not to create the relation of mortgagor and mortgagee. It is true, as pointed out in *Beverly v. Davis*, 79 Wash. 537, 140 Pac. 696, that the rule is, "once a mortgage, always a mortgage;" but, under the facts in the case now before us, the relation of mortgagor and mortgagee has at no time existed. A careful examination of all the cases cited

by the appellant to sustain its position shows that, in each of them, there was an intent to create a debt capable of enforcement by action and which was intended to be secured by the mortgage. The present case does not fall within the rule of those cited, but comes within the rule of the case of *Reed v. Parker,* *supra.*

It is said, however, that, when the papers in the third and last escrow agreement were withdrawn, there was an oral agreement between the parties that the appellant should be allowed one year in which to redeem the property. If there were such an agreement, it was one relating to real property and, under the statute of frauds, unenforcible.

The judgment will be affirmed.

HOLCOMB, C. J., MACKINTOSH, PARKER, and MITCHELL, JJ., concur.