[No. 20989.  Department One.  May 10, 1928.]

IDEAL INVESTMENT COMPANY, INCORPORATED, *Respondent*, v. ROBERT NEELY *et al.*, *Appellants*, J. C. HAAS *et al.*, *Defendants.*[1]

[1] CONTINUANCE (20)—SURPRISE AT TRIAL—AMENDMENT OF PLEADINGS.  It is not an abuse of discretion to refuse a continuance because of the allowance of a supplemental complaint in an action for rents, showing the accrual of rents since the action was commenced, after defendant had made a trial amendment showing payments since the commencement of the action.

[2] LANDLORD AND TENANT (105)—RENT—PERSONS LIABLE—TRANSFER OF LEASE.  The assignment of a lease with consent of the lessor, and assumption of the rents by the assignee, does not relieve the assignor from liability for rents, as the original continuing lessor, where the lease, absolute in form, was in fact a conditional sales contract held in escrow and conveyed no title.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered June 16, 1927, upon findings in favor of the plaintiff, in an action for rent, tried to the court.  Affirmed.

*W. U. Park* and *Morris & Dubuar,* for appellants.
*Tucker, Hyland & Elvidge,* for respondent.

FRENCH, J.—The respondent, as lessor, on December 18, 1922, leased the Fiona Apartments to appellants Neely as lessees for a term of five years commencing on March 1, 1923, the first provision of the lease and only one pertaining to the payment of rent being as follows:

"That the lessors in consideration of the sum of four thousand two hundred and no 100 ($4,200.00) dollars to them in hand paid, the receipt whereof is

[1]Reported in 267 Pac. 46.

hereby acknowledged, do by these presents lease and demise unto the lessees, that certain apartment building known as the Fiona Apartments and situated on John street between First and Warren avenues, legally described as the east (½) of lots eleven (11) and twelve (12), block twenty-nine (29), plan of North Seattle, Seattle, King county, Washington, including all gas ranges, all wall beds and all window screens to be furnished by lessors, for the term of five years, commencing March 1st, 1923, at the monthly rental of $2,100.00 per month, payable monthly in advance on the 1st day of each and every month during said term."

On the 8th day of September, 1924, the appellants Neely purported to assign and transfer to the defendants Haas the said lease, and the defendants Haas assumed all of the obligations and duties under the lease, and such assignment was consented to by the respondent Ideal Investment Company, the said assignment and consent reading as follows:

"KNOW ALL MEN BY THESE PRESENTS, That for and in consideration of one dollar ($1) and other good and valuable consideration to us in hand paid, receipt whereof is hereby acknowledged, we do hereby sell, assign, transfer and set over to J. C. Haas and Constance M. Haas that certain indenture of lease made and entered into on the 18th day of December, 1922, by and between the Ideal Investment Company, of Seattle, a corporation, lessor, and Robert Neely and K. M. Neely, his wife, which lease covers and pertains to a certain apartment building known as Fiona Apartments, Seattle, Washington, together with all rights and privileges of every kind and nature in connection therewith, including the right to deposit money of forty-two hundred dollars ($4,200) and interest given in security for said lease.

"In consideration of this transfer J. C. Haas and Constance M. Haas, his wife, and each of them assume said lease and all the obligations and conditions thereof and agree to perform each and every of the same and

to be bound thereby in like manner as if they were the original lessees in said lease.

"Dated this 8th day of September, 1924.

"ROBERT NEELY,
"K. M. NEELY,
"CONSTANCE M. HAAS."

Which assignment was, on the same day in writing, consented to by the Ideal Investment Company in the following words:

"We hereby consent to the foregoing assignment of lease of the Fiona Apartments.

"IDEAL INVESTMENT COMPANY,
"By Hans Pederson."

This assignment, while absolute in form, was, in fact, but a conditional sales contract placed in escrow, and prior to the trial of the action such instrument was withdrawn from escrow and the rights of the defendants Haas in the conditional sales contract forfeited. The appellants Neely went into possession of the premises and paid the rent until September, 1924. Thereafter the defendants Haas were in possession of the property and became delinquent in the payment of their rent and in July, 1926, this suit was commenced against the appellants Neely and the defendants Haas for the arrears of the rent up to and including the month of July. There were two amended answers by the appellants Neely, and continuances were granted because of the illness of the defendant J. C. Haas, so that practically a year had elapsed, after the commencement of the action, before the date of trial. When the case came on for trial, the appellants Neely attempted to prove payments that had been made subsequent to the commencement of the action. Respondent objected, on the ground that the payments had not been pleaded. Thereupon the appellants Neely asked leave to amend to show payments made

subsequent to the commencement of the action, and this amendment being allowed, respondent asked leave to file a supplemental complaint showing rent that had accrued subsequent to the commencement of the action and up to the date of trial. Permission being given to file a supplemental complaint, the appellants asked for a continuance which was denied, and this is assigned as error.

[1] We think the general rule is that parties should be given such reasonable time after pleadings are filed as will give them an opportunity to make a proper defense. We think the rule was first announced by this court in *Robertson v. Woolly*, 6 Wash. 156, 32 Pac. 1060, and that it has been followed consistently in subsequent cases. But no issue was changed by the filing of the supplemental complaint in this case. This was simply a suit for the unpaid monthly installments of rent accruing. The case had been pending for almost a year. When the case came on for trial, there was no issue concerning the question of the amount of money paid during the period in question. When appellants were permitted to amend by showing payments made subsequent to the time of the commencement of the action, respondent then filed its supplemental complaint showing the rents which had accrued during the period intervening between the commencement and trial of the action. If appellants wished all of the payments credited in one lawsuit, they should not now complain because the respondent, in answer to this demand, insisted that all of the rent should be included in one lawsuit. *Knapp v. Order of Pendo*, 36 Wash. 601, 79 Pac. 209.

The law is well settled in this state that the matter of granting a continuance is, generally speaking, within the sound discretion of the trial court. We can

find nothing in this record which indicates that the lower court abused its discretion.

[2]  It is next claimed that the court was in error in holding that there was any liability upon the appellants for the rent after the execution of the assignment of the lease with the consent of respondent, the argument being that there is no express covenant in the lease to pay the rent, and that, in such cases, if the lessee parts with his estate, the lessor consenting thereto, the privity of estate is thereby destroyed, and there being nothing upon which to base an implied obligation, the lessee is therefore not further obligated to pay rent. Under the facts as disclosed in this record, it is not necessary for us to decide whether the lease in question contains an express covenant to pay rent. The assignment of appellants Neelys' title to defendants Haas, being a conditional assignment, they obtained no right, title or interest in the leasehold estate, the Neelys at all times retaining title. *Ashford v. Reese,* 132 Wash. 649, 233 Pac. 29.

Since the respondents never parted with the estate, they are liable for rent as original continuing lessees.

The judgment of the lower court is affirmed.

MITCHELL, PARKER, and TOLMAN, JJ., concur.