[No. 1743. Decided June 7, 1895.]

A. S. Bailey, *Appellant*, v. Charles M. Drake, *Respondent.*

NEW TRIAL — EXTENSION OF TIME FOR FILING MOTION — POWER OF
COURT.

Under Laws 1893, p. 414, § 24, authorizing courts to enlarge or extend the time within which by statute any act is to be done or proceeding taken after the time therefor has expired, a court may extend the time in which to file a motion for a new trial after the expiration of the time fixed by statute.

Under such circumstances there is no prejudicial error in the court's entering an order extending the time for filing a motion for a new trial, although the order by its terms is to take effect as of a prior date and thus validate a motion for a new trial which was ineffectual by reason of its not having been filed in time.

*Appeal from Superior Court, Pierce County.*

*F. Campbell*, for appellant.

*Hiram F. Garretson*, for respondent.

The opinion of the court was delivered by

Hoyt, C. J.—This is an appeal from an order granting a new trial. The verdict which was set aside by said order was rendered on the 1st day of December. The motion for a new trial was not filed until the 4th day of December. On account of the delay in its filing the appellant objected to its being heard. Upon such objection being made the court, on motion of the respondent, made an order extending the time in which the motion for a new trial might be filed so as to include the said 4th day of December, and, having done so, proceeded to the consideration of the motion and, for reasons satisfactory to it, set aside the verdict and ordered a new trial.

Appellant relies upon two grounds to reverse the order: (1) That it was beyond the power of the court to extend the time in which to file the motion for a new trial after the expiration of the time fixed by the statute; (2) that if the court had such power it did not exercise it in this case by making an order to take effect from its date, but instead thereof entered an order which by its terms was to take effect as of a prior date.

The appellant cites numerous cases to support his first contention, but none of them have any force under our statute, which, unlike those of the states in which the decisions relied upon were rendered, specially confers the power upon the court to enlarge the time for the making of any motion or giving notice thereof, after the expiration of the statutory time as well as before. The language of § 24, of ch. 127 of the Laws of 1893 (p. 414), upon this subject is as follows:

"   .   .   .   And the court may enlarge or extend the time, for good cause shown, within which by statute any act is to be done, proceeding had or taken, notice of paper filed or served, *or may*, on such terms as are just, permit the same to be done or supplied *after the time therefor has expired.*   .   .   . "

And there can be no escape from the conclusion that the legislature intended by its enactment to confer authority upon the courts to extend the time in which acts of the kind under consideration could be done after the expiration of the statutory time, as well as before.

There is technical force in the other contention of the appellant, but it has no substantial merit. From what we have said it is clear that the court, upon proper showing, could have extended the time so that

the motion could have been filed after the date upon which it was heard, and the fact that, instead of doing so, it assumed to date the order back, so as to make the motion filed before the hearing effectual, had no substantial influence upon the rights of the parties. The appellant did not move the court to strike the motion from the files, but contented himself with a general objection to its consideration, on the ground that it was not filed in time; and since it was within the power of the court to make an order which would have protected the right of the respondent to make a motion for a new trial and have it heard, and since that was all he obtained under the order made, the appellant was not so injured thereby as to be entitled to a reversal of the order. It will, therefore, be affirmed.

SCOTT, DUNBAR, ANDERS and GORDON, JJ., concur.