DECIDED IN

# THE SUPREME COURT

OF THE

## STATE OF WASHINGTON.

[No. 3892.   Decided September 3, 1901.]

C. F. LEAVENWORTH, *as Administrator, Respondent, v.*
CHARLES A. BILLINGS, *as Sheriff of Thurston County,
Appellant.*

NEW TRIAL—EXTENSION OF TIME FOR APPLICATION—REPEAL BY IMPLI-
CATION.

Laws 1897, p. 13, which requires a motion for a new trial to
be filed within two days after verdict rendered does not repeal
by implication, so far as motions for new trial are concerned,
Laws 1893, p. 414, § 24, which provides that "the court may en-
large or extend the time, for good cause shown, within which, by
statute, any act is to be done, proceeding had or taken, notice of
paper filed or served, or may, on such terms as are just, permit
the same to be done or supplied after the time therefor has ex-
pired," and consequently the action of the court on the day fol-
lowing the rendition of a verdict, in granting an extension of
twelve days' time in which to file a motion for a new trial, was
not erroneous.

Appeal from Superior Court, Thurston County.—Hon.
CHARLES W. HODGDON, Judge.   Affirmed.

*Alfred Thompson* and *Troy & Falknor,* for appellant.
*J. W. Robinson,* for respondent.

1—26 WASH.

The opinion of the court was delivered by

White, J.—The appeal in this action is from the motion denying judgment in accordance with the verdict, and allowing the respondent's motion for a new trial. On November 19, 1900, the cause herein was tried by a jury and a verdict rendered for the defendant, which verdict was duly entered and filed in the superior court of Thurston county November 19, 1900. On November 20, 1900, the court made an order allowing twelve days' further time in which to file a motion to set aside the verdict and for a new trial, and a motion for a new trial was filed within the extended time. From the view we take of this case, it is unnecessary to pass upon the motion to dismiss the appeal.

The only question presented here for review is, had the superior court authority to extend the time in which to file a motion for a new trial? By § 24, page 414 of the Session Laws of 1893, the superior courts were given authority to enlarge or extend the time in which any act is to be done, including, under the general language used, the motion for a new trial. The language of that act is,

"And the court may enlarge or extend the time, for good cause shown, within which by statute any act is to be done, proceeding had or taken, notice of paper filed or served, or may, on such terms as are just, permit the same to be done or supplied after the time therefor has expired."

This section was before this court in the case of *Bailey v. Drake,* 12 Wash. 99 (40 Pac. 631), and after quoting the language above given we said:

"And there can be no escape from the conclusion that the legislature intended by its enactment to confer authority upon the courts to extend the time in which acts of the kind under consideration could be done after the expiration of the statutory time, as well as before."

Appellant contends that the power to enlarge or extend the time in which a motion for a new trial may be filed was repealed by implication by § 1, p. 13, Session Laws of 1897. The law enacted in 1897 (Session Laws 1897, p. 13), was an amendment to § 282 of the Code of 1881, and repealed §§ 279 and 280 of said Code, as amended by the legislature of 1891 (Session Laws 1891, p. 102). Under the Code, prior to this amendment, it was required that the party intending to move for a new trial should, within two days after the verdict, file with the clerk, and serve upon the adverse party, a *notice of his intention*. And the amendment by the legislature of 1897 omitted the necessity of filing and serving a *notice of his intention,* and provided that the motion itself should be filed within the two days; and the only difference between the law as it existed at the date when this court decided the case of *Bailey v. Drake, supra,* and the law as it stands now is as stated above.

The position of the appellant can be maintained only upon the theory that the law of 1897 (p. 13, § 1) repealed the law of 1893 (p. 414, § 24) by implication. But we think it is perfectly apparent that this contention cannot be maintained. Here was a law enacted in 1893, relating to the commencement and trial of civil actions, and granting to the superior courts power to enlarge or extend the time in which any act was to be done by statute. The act of the legislature of 1897 only amended the law with reference to motions for a new trial. It had no reference whatever to the power of the court to enlarge or extend the time in which an act was to be done under general statutes. One statute relates to the power of the court to enlarge the time for doing acts required by statute to be done; the other relates to the time in which a motion may be filed in the absence of an extension of time

by the court.  Repeals by implication are not favored.  A statute will not be construed as repealing prior acts, in the absence of express words to that effect, unless there is an irreconcilable repugnancy between them, or unless the new law is evidently intended to supersede all prior acts on the matter in hand, and to comprise in itself the sole and complete system of legislation on that subject.  Black, Interpretation of Laws, 112.  The act of 1897 in no wise refers to the act of 1893, and, strictly speaking, § 24 of that act is not even upon the same subject, as that section relates to the power of the court to enlarge or extend the time in which a thing is to be done under any statute.

The judgment of the court below is affirmed.

REAVIS, C. J., and ANDERS, DUNBAR, MOUNT, FULLERTON and HADLEY, JJ., concur.