[No. 6421. Decided February 5, 1907.]

ELLEN POTTER, *Respondent*, v. WILLIAM H. POTTER, *Appellant*.[1]

DIVORCE—PLEADING—REPLY—SUFFICIENCY. In an action for divorce, where the answer alleges that plaintiff had since contracted marriage with another man, a reply thereto is not demurrable where it admits such subsequent marriage but excuses the same by showing that plaintiff was misled thereto by information that the defendant was a married man at the time he married the plaintiff, and that plaintiff was informed and then believed that no divorce from defendant was necessary.

MARRIAGE—EVIDENCE—SUFFICIENCY—BURDEN OF PROOF. Upon a direct conflict in the evidence as to the performance of a ceremonial marriage, the same is sufficiently established by evidence of cohabitation, reputation, and recognition for seven years, during which time children were born and the defendant repeatedly recognized the wife and made homestead entry as a married man; since the burden of proof is then upon the party denying the marriage to show that no ceremony had been performed.

[1]Reported in 88 Pac. 625.

26—45 WASH.

Appeal from a judgment of the superior court for King county, Griffin, J., entered June 7, 1906, upon findings in favor of the plaintiff, granting a divorce, after a trial on the merits before the court without a jury. Affirmed.

*W. J. Canton*, for appellant.

*A. J. Speckert* and *R. B. Brown*, for respondent.

DUNBAR, J.—This action was brought by the respondent against the appellant, to obtain a divorce upon the grounds of cruelty and nonsupport. The complaint alleges plaintiff's marriage with the defendant in the state of Pennsylvania in the year 1891, and that three children had been born to plaintiff and defendant, the issue of such marriage; alleged cruel and inhuman treatment; prayed for a dissolution of the marriage, a division of the property, and the care and custody of the three minor children. The answer denied all the material allegations of the complaint; denied the marriage of the defendant with the plaintiff, and further alleged that subsequent to the date of said alleged marriage, the plaintiff had entered into another marriage with one John Goss. The reply admitted the marriage of the plaintiff to Goss, but stated in explanation that, some time prior to the separation of plaintiff and defendant, plaintiff was informed that the defendant was a married man at the time he entered into the marital relation with the plaintiff; that when plaintiff accosted the defendant in regard thereto, he flew into a rage of passion and cursed and abused the plaintiff therefor, and threatened to kill plaintiff if she ever revealed the same; that plaintiff did not know whether defendant was a married man at the time aforesaid, but relying upon the information received, believed him to be so, and was informed and believed that a divorce from him was not necessary, and being without means and destitute, and with no way of supporting her children, and defendant having exhausted all her money and having driven her from her

home, which had been furnished by her money, and being ignorant of the law and the facts as stated, she did enter into the marriage relation with said John Goss, which said marriage she is now informed was null and void by reason of such former marriage as aforesaid.

A supplemental record is presented, showing that the plaintiff and Goss were divorced on the ground of the marriage relation existing between the plaintiff and defendant at the time of the marriage of the plaintiff and Goss. Defendant demurred to the reply, which was overruled—properly, as we think—by the court. Upon these issues the cause went to trial, and the court found, that the plaintiff and defendant had intermarried as alleged in the complaint; that because of defendant's cruelty to the plaintiff and her children, plaintiff was forced to leave her home in Douglas county, Washington; that the defendant was the owner of certain property described; that the plaintiff had no income and no estate out of which to support the children, and that it was necessary for the defendant to contribute at least $15 a month for the support of the children; that a division of the property was to the best interests of both parties; that the defendant be allowed to keep the real estate and personal property in his possession, free from the control and claim of plaintiff, and that in consideration of said fact the defendant pay the plaintiff for her interest the sum of $800 on or before two years from and after the date of judgment, with interest at eight per cent until paid; and that plaintiff should have the custody and control of the minor children; also that the defendant pay to the plaintiff, as monthly alimony until the further order of the court for the support of the children, the sum of $15; and for such alimony and payment the plaintiff was decreed a lien upon the defendant's real estate. It was also found that the defendant should pay all the costs of the action other than the plaintiff's attorney fees, the court declining to allow plaintiff's attorney fees

out of defendant's estate; and decree was entered in accordance with such findings. At the close of plaintiff's testimony, defendant asked the court to find that there was no marriage between defendant and plaintiff, and to dismiss the action; which motion was denied by the court.

It is the principal contention of the appellant here, that there was no marriage shown between the respondent and appellant, as alleged in the complaint, or at all; that, under the law as established by this court in *In re McLaughlin's Estate*, 4 Wash. 570, 30 Pac. 651, 16 L. R. A. 699, no common law marriage would be held legal, and therefore there was no legal marriage proven in the case. The testimony in regard to the ceremonial marriage which is alleged by respondent is contradictory, the respondent swearing positively that the ceremony of marriage was performed, and the appellant that no such ceremony had ever been performed. In a conflict of testimony such as is shown by the record in this case, it is well established that a ceremonial marriage may be proven by circumstances, such as the cohabitation of persons as husband and wife, their reputation and recognition as such in society; and that, when such circumstances are shown, the presumption of marriage exists, and the burden is upon the party denying the marriage to show that the ceremony had never been performed. The case of *Summerville v. Summerville*, 31 Wash. 411, 72 Pac. 84, in many essentials is similar to the case at bar. There it was held that, upon an issue in a divorce case as to marriage of the parties, the fact of marriage is sufficiently established, as against the husband's claim that merely a contract therefor was entered into which was void under the law of the place, where the undisputed evidence shows that they cohabited as man and wife, and held themselves out to the public as sustaining that relation, during which time they had offspring as the result of their union; and upon the disputed question of whether a marriage ceremony preceded their cohabitation, the wife

was sustained by corroborating circumstances in favor of such contention, while the husband who contradicted her was impeached in several particulars while giving testimony. This language might aptly be applied to this case.

Notwithstanding the denial of the appellant that the respondent was his wife, the testimony overwhelmingly shows that they lived together and cohabited as man and wife for a period of seven years, and that three children were born to them during this period. Many witnesses swore positively to the fact that the appellant had represented to them that the respondent was his wife. Numerous letters are in the record, admittedly written by the appellant, addressed to the respondent as his wife, in endearing terms, signed by the appellant as her husband. It also appears that, in the proof made upon a homestead which he had taken, he represented himself to be a married man. The whole record is so inconsistent with the declarations made by the appellant in his testimony that he was not the respondent's husband, that the court was amply justified in making the findings which it did. It was also justified in making the findings which it did in reference to cruel and inhuman treatment, for the acts proven were so numerous, so depraved and inhuman that they are unfit for record. It is true that the respondent may have been a little careless in ascertaining her exact legal status when she contracted the marriage with Goss, but the record shows that she was a woman without education and in a low station in life, and that her necessities were pressing and her provocation great.

In consideration of the whole record, we are satisfied with the decree entered by the trial court, and the judgment is therefore affirmed.

HADLEY, C. J., CROW, MOUNT, FULLERTON, RUDKIN, and ROOT, JJ., concur.