[No. 6963. Decided November 19, 1907.]

W. S. DUNLOP, *Respondent*, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant.*[1]

. CONTINUANCE—TRIAL—AMENDMENT—SURPRISE—APPEAL — REVIEW —DISCRETION OF COURT. The discretion of the trial court in denying defendant a continuance, on account of the trial amendment of the complaint, will not be disturbed on appeal, where it appears that, in an action for injuries sustained in the derailment of a street car, the plaintiff, four days before the trial, served notice of an amendment to add an allegation that the accident was caused by a flat wheel, the defendant making no claim that it had a valid defense thereto.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 4, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger through the derailment of a street car. Affirmed.

*Sachs & Hale*, for appellant.

*Aust & Terhune*, for respondent.

PER CURIAM.—Action for damages for personal injuries sustained by reason of the derailment of one of the appellant's cars. Upon the trial verdict was rendered for the sum of $400, judgment was entered thereon, and appeal taken.

Before the introduction of any testimony, plaintiff asked

[1]Reported in 92 Pac. 449.

leave to amend his complaint by inserting the words "which said car had by defendant's negligence become out of repair in that one of the wheels had been worn flat at certain points." Counsel for appellant objected to the amendment; whereupon counsel for respondent stated to the court that he had given notice, four days prior to the commencement of the action, that there would be an application for such an amendment. This notice was admitted by counsel for appellant; whereupon the court allowed the amendment, and denied the appellant's motion for a continuance; and it is insisted by the appellant that the court erred in this regard.

This case does not fall within the reason of the rule announced in *Wright v. Northern Pac. R. Co.,* 38 Wash. 64, 80 Pac. 197, which is relied upon by appellant. In that case an entirely distinct cause of action was set up in the amendment, and no time had been given to the defendant to prepare its defense on such cause of action. It was shown that the defendant was taken by surprise, and that if it had had time it could have successfully defended against the new cause of action. Here the defendant had already had four days' notice, and no claim or showing whatever was made, or attempted to be made, that it had a defense to the new matter pleaded. Under such circumstances, we would not be justified in interfering with the discretion of the trial judge in such matters. The errors assigned in relation to the giving and refusing to give instructions have been so often discussed by this court that it would be profitless to again enter into a discussion of the questions therein involved. We think no error was committed by the court in giving or refusing to give instructions.

In the light of the record, the other assignments seem to be without merit. The judgment is affirmed.