[No. 6900.　Decided November 26, 1907.]

## J. CONNARD REIFF, *Respondent*, v. T. COULTER *et al.*, *Appellants*.[1]

APPEAL — PARTIES ENTITLED TO APPEAL — INTERVENERS — JOINDER. Interveners, whose affirmative answer was denied and who introduced no evidence in support of it, can derive no benefit from joining in an appeal by the defendant, where their interests were entirely adverse to the defendant's interest.

TRIAL — RECEPTION OF EVIDENCE — REOPENING CASE — DISCRETION. Where plaintiff rested after introducing certain evidence and the defendant declined to offer evidence, the oral announcement by the court that, while in grave doubt upon certain points, it would find for the defendants, does not prevent the court from reopening the

[1]Reported in 92 Pac. 436.

case for further testimony by the plaintiff, two days later, on due application and notice, before entry of formal judgment; the opening of the case being discretionary under such circumstances.

VENDOR AND PURCHASER—CONTRACT—MODIFICATION—ESTOPPEL TO ASSERT—RESCISSION. Where a written contract for the sale of real estate provided that if the title was not perfect, $500 paid on the purchase price should be returned, the vendee, after suit brought for the recovery of the $500 on the ground of defect in title, and receipt of payment of the judgment therefor, is estopped to assert that the written contract was changed by a verbal agreement to perfect the title, and that the suit was only a friendly suit to determine whether the title was· perfect.

APPEAL—REVIEW—RESERVATION OF GROUNDS—TRIAL—REOPENING CASE. Where a case is reopened for further testimony on the part of the plaintiff, defendants cannot allege error in hearing testimony only on the part of the plaintiff, in the absence of any request by defendants to introduce evidence.

Appeal from a judgment of the superior court for King county, Griffin, J., entered January 30, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Chas. E. McAvoy, Harry E. Warner,* and *John W. Roberts,* for appellants.

*Byers & Byers* and *Henry Howard, Jr.,* for respondent.

HADLEY, C. J.—This is an action to quiet title to real estate. The complaint alleges that the plaintiff is the owner in fee simple of the land, and that the Battery Street Methodist Episcopal Church, of Seattle, is a corporation. It is averred that the plaintiff received his title to the land from said corporation, and allegations are also made concerning the details of the manner in which the corporation both received and conveyed its title. It is alleged that the title of the corporation came through certain trustees to whom the property had been conveyed for the use of the ministry and membership of the "Methodist Episcopal Church in the United States of America." After charging that the defendants in the action claim some interest in the land without right, the prayer of

the complaint is that the plaintiff shall be adjudged to be the owner free and clear from all claims on the part of the defendants.

The defendants John W. Roberts and wife answered separately, making certain admissions and denials, and affirmatively alleging the following facts: On the 28th day of September, 1905, the plaintiff and the defendant John W. Roberts entered into a contract in writing, by the terms of which Roberts agreed to purchase the premises described in the complaint for the price of $9,000, and at the time of the execution of the agreement Roberts paid the plaintiff the sum of $500 as part of the said purchase price. It was expressly provided in the contract that the plaintiff was to convey the property to Roberts free and clear of all incumbrances and liens of every kind, and the plaintiff was to furnish an abstract of title down to date, showing a perfect title to be vested in plaintiff. The plaintiff furnished an abstract, and the answer avers that it did not show a perfect title, or any title, in plaintiff.

When the abstract was furnished, Roberts examined it and claimed that there were defects in the title. It is alleged that, after some conferences between the parties, it was mutually agreed that a friendly suit should be instituted to determine whether the abstract furnished did, or did not, show a perfect title in the plaintiff, it being agreed that, if such should be determined in favor of the plaintiff, then the conveyance should be completed according to the terms of the aforesaid contract, and if determined in favor of Roberts, then the plaintiff should proceed to perfect his title, and when perfected should convey to Roberts a perfect title; that such a suit was instituted and tried, resulting in a judgment that the plaintiff had not a perfect title, and that immediately thereafter Roberts demanded that the plaintiff should proceed to perfect his title and convey the same to Roberts; that Roberts has at all times been ready and willing to perform his part of said contract of purchase, and that this action is the first step the plaintiff has taken to perfect his title. The answer

tenders into court the full purchase amount, and demands full performance on the part of plaintiff.

Certain other persons, as ordained ministers of the Methodist Episcopal Church of the United States of America, were made defendants, at their own request, by way of intervention. They in effect alleged that the property was, in the year 1880, conveyed by the then owners to certain persons as trustees for the benefit of the ministry and membership of said church in the United States; that said trustees have never been divested of the title so conveyed, and that the interveners are beneficiaries under the trust so continuing. They ask the dismissal of the plaintiff's complaint, and an adjudication that the trust still continues. After a trial the court entered judgment to the effect that the plaintiff is the owner of the property, and that the defendants and also the interveners have no interest therein. The defendants Roberts and the interveners have appealed.

All the appellants have joined in the appeal notice, appeal bond, and brief. We are unable, however, to see how their interests can be identical on the appeal, for the reason that the intervener appellants seek to establish that the original deed of trust for the benefit of the church did not vest in the trustees or their successors any power of alienation whatever, while the appellants Roberts seek to establish that such power was conferred but that it has never been properly exercised. The theory of the intervener appellants' answer would make it impossible for the other appellants ever to receive title to the property, since they claim that the property is for the perpetual use of the church only. To get such title is, however, the very thing the appellants Roberts seek to accomplish. We think further reference to the appeal of the intervener appellants will be unnecessary, for the reason that their affirmative answer in intervention was wholly denied and they introduced no evidence in support of it.

We will now consider the relations of the appellants Roberts to the case. The statement of facts shows that, after the

respondent had introduced evidence for the purpose of establishing his title, he rested, and thereupon the appellants declined to introduce any evidence, and submitted to the court that the evidence was insufficient to establish a judgment for the respondent. The court then orally announced that it would find in favor of the appellants, and at the same time stated that it had grave doubts whether the property can ever be sold to be used for anything other than church purposes. This occurred on the 5th day of September, 1906, and on the 7th day of the same month the respondent served and filed a motion to reopen the case for the purpose of introducing further testimony. On the 15th day of the same month, over the protest of appellants, an order was made granting the motion. On the 5th day of November following, the court heard further testimony.

Appellants vigorously urge that the court erred in reopening the case. Their argument is based upon the theory that the oral announcement of the court was a judgment in the case. To this point they cite *Barthrop v. Tucker*, 29 Wash. 666, 70 Pac. 120. What was really decided there was that where a judgment was actually announced but was not entered, the court could, nearly two years afterwards, make a *nunc pro tunc* entry as of the former date conformably to the announcement then made. The announcement which had been made was the result of the concluded deliberations of the court. We regard the question there determined as very different from the one now before us. Here the court had heard certain testimony, and upon that as a basis orally announced certain things. The announcement of the court indicated that it was in grave doubt about some questions raised by the evidence submitted. Two days later one of the parties, after due notice to the other, made application for leave to submit further testimony. Under such circumstances we think it will not do to say that the court had no discretion in the matter. In *Rogers v. Miller*, 13 Wash. 82, 42 Pac. 525, 52 Am. St. 20, the situation was very similar, and it was held

that it was a matter within the discretion of the court to re-open the cause for the hearing of further testimony. It is true, the opinion in that case does not state that any announcement had been made indicating the decision of the court; but the trial had closed and the cause had at least been argued and submitted. The difference in real essence between that case and the one at bar we think is insufficient to deprive the court of all discretion in the premises. We shall therefore not review the discretion of the court as exercised.

After the cause was reopened further testimony was submitted. This showed the contents of the written contract between respondent and the appellant John W. Roberts for the sale of the property. That contract provided that, if the title of the respondent should prove to be defective, then the $500 paid was to be returned to John W. Roberts. The answer of appellants avers a subsequent agreement that, if the title should prove to be defective, respondent should proceed to perfect it and then convey to appellants. This is the averment of a new agreement orally made, which materially changed the terms of the written contract.

The testimony further showed that, agreeably to the terms of the written agreement, appellants brought suit against respondent for the recovery of the $500, on the ground that the title was not good. Judgment was obtained in appellants' favor for the amount. The judgment was paid by respondent, and appellants took the money from the clerk's office. Appellants say that the suit was a friendly one, brought in pursuance of the aforesaid verbal agreement that respondent should perfect the title. The verbal agreement was, however, without force to change so materially the terms of the written agreement. In any event, whatever force might be attached to the verbal agreement, appellants by the action they brought elected to recover the money for want of good title. The recovery of the money was entirely inconsistent with the theory that appellants were still seeking the conveyance, and that respondent was to proceed to perfect his title and subsequently

convey it to the appellants. Appellants are now estopped to assert such an agreement. When appellants recovered the money, they rescinded their contract, and they have now no rights whatever in the property. Having no rights in the property, they have no interest in the review of the judgment merely because it declares the title to be in the respondent. Complaint is made that when the case was reopened, the court heard testimony from respondent only. Appellants introduced no evidence at any stage of the case. They do not appear to have asked permission at any time to introduce evidence. They were at all times during the trial present or represented by counsel and, in the absence of a request that they might submit testimony, it should not now be held that their rights were prejudiced in that regard.

The judgment is affirmed.

CROW, MOUNT, DUNBAR, and ROOT, JJ., concur.

FULLERTON and RUDKIN, JJ., took no part.