[No. 6905.  Decided March 9, 1908.]

JOHN NELSON, *Appellant*, v. ALEX CARLSON, *Respondent*.[1]

APPEAL—REVIEW—DISCRETION—NEW TRIAL. The refusal to grant an extension of time for filing a new trial will not be reviewed except for abuse of discretion.

WITNESSES—COMPETENCY—TRANSACTION WITH DECEASED. In an action to recover an interest in property as an heir of defendant's alleged wife, the defendant is incompetent to testify that he was never married to the deceased, since it would be evidence of a transaction between himself and the deceased.

MARRIAGE—EVIDENCE—ADMISSIBILITY—REPUTE. Evidence of cohabitation, repute and holding each other out as husband and wife, is admissible as tending to show a prior ceremonial marriage, whether a common law marriage is valid or not.

SAME—SUFFICIENCY. The evidence is sufficient to establish a marriage, where it appears that the parties cohabited and lived together as man and wife in several states, executed deeds as such, and the wife was buried and a monument erected by the husband describing her as his wife.

Appeal from a judgment of the superior court for Kitsap county, Frater, J., entered December 22, 1906, upon findings in favor of the defendant, after a trial on the merits before the court without a jury in an action to quiet title. Affirmed.

*Jerold Landon Finch*, for appellant.

*John G. Barnes*, for respondent.

CROW, J.—Action by John Nelson against Alex Carlson, to quiet title to land in Kitsap county to which plaintiff holds the record title. The defendant alleged fee simple title to an undivided half of the land in himself, as sole heir at law of his mother, formerly one Christina Alida Carlson, whom the plaintiff married before he acquired the land, which became and continued to be the community property of plaintiff and defendant's mother, until she died intestate in 1902. The

[1]Reported in 94 Pac. 477.

existence of the alleged marriage, which was denied by the plaintiff, is the controlling issue in this case. The trial court found that the plaintiff and Christina Alida Carlson had intermarried as alleged, and entered a decree in favor of the defendant as her sole heir at law, awarding him an undivided one-half interest in the land. The plaintiff has appealed.

The appellant was not represented on the trial by the attorney now representing him, who was afterwards substituted. At the close of the evidence appellant's former attorney made a motion to dismiss, which was denied, the respondent having filed a cross-complaint asking affirmative relief. The trial occurred November 9, 1906, after the substitution of attorneys, findings of fact, conclusions of law, and decree were signed and entered. On January 15, 1907, appellant made an application, supported by affidavits, for an order extending his time within which to file a motion for a new trial, which motion he then tendered. Appellant's first contention is that the trial court erred in refusing this application. A trial judge, exercising his discretion, may grant such an extension of time. *Bailey v. Drake,* 12 Wash. 99, 40 Pac. 631; *Leavenworth v. Billings,* 26 Wash. 1, 66 Pac. 107. Having carefully examined the affidavits, we are unable to conclude that the trial judge abused his discretion or committed prejudicial error in refusing the extension requested. In any event, all of the questions suggested by the proposed motion for a new trial are, by proper procedure, presented in the record for our consideration upon this appeal.

The respondent testified that he was the son of Christina Alida Carlson by her former husband; that he and his mother were natives of Sweden; that, when he was about ten years of age, she, being a widow, left him with friends in the old country and came to America; that about 1882 she and the appellant, whom he understood his mother had married, sent him money to come to them in the state of Colorado; that they were living as husband and wife in Colorado at that time; that he afterwards went with them to the state of California,

where they lived as husband and wife; that they came to Washington in the year 1882; that they purchased the land in March, 1887, taking title in the appellant's name, and made it their home until Mrs. Nelson's death in September, 1902; that appellant erected a monument to respondent's mother upon which he inscribed her name as Mrs. Nelson; that he called her his wife; that she called him her husband; and that they were continually known and regarded as husband and wife for more than twenty-two years, by all of their neighbors, friends, and acquaintances, in Colorado, California, and this state. Other witnesses testified to the same facts, which were not disputed. Respondent also introduced certified copies of deeds and land contracts, executed and acknowledged by the appellant, John Nelson, and Mrs. Nelson, as husband and wife, in the years 1884, 1888, 1900, and 1902.

After the respondent had rested, the appellant was asked by his attorney whether, in 1880 to 1882, he and the deceased were ever married to each other. To this question an objection was sustained, on the ground that, under Bal. Code, § 5991 (P. C. § 937), the appellant was incompetent to testify as to any transaction between himself and the deceased under whom the respondent, as an adverse party, claims title. The appellant, who offered no other evidence in rebuttal, now contends that the trial court committed prejudicial error in making such ruling. Under the authority of *O'Connor v. Slatter,* 46 Wash. 308, 89 Pac. 885, decided since the trial of this action, the ruling of the trial court must be sustained. In *Edelstein v. Brown* (Tex. Civ. App.), 95 S. W. 1126, a suit similar to this, wherein the heirs at law of a deceased mother sought a recovery of her interest in community property, the court of civil appeals of the state of Texas, construing a similar statute, held that the defendant, alleged to have been the husband of the decedent but who denied the marriage relation, could not be permitted to testify that he was never married to the mother of the plaintiff, that he and she had never agreed in any way to become husband and wife, or that

he never at any time agreed with her to become her husband. See, also, *Bartee v. Edmunds*, 29 Ky. Law 872, 96 S. W. 535.

The appellant contends that the trial court erred in finding that he and respondent's mother were husband and wife, insisting that a common law marriage contracted in this state has no validity here; that the respondent relies only on a common law marriage contracted in Colorado, and that the evidence is not sufficient to show such a marriage under the laws of that state which were neither alleged nor proven. Although in the case of *In re McLaughlin's Estate*, 4 Wash. 570, 30 Pac. 651, 16 L. R. A. 699, common law marriages were held invalid if originally contracted and consummated in this state, we have since sustained the validity of such marriages which had been contracted and consummated in other states where they were lawful under the *lex loci contractus*. *Willey v. Willey*, 22 Wash. 115, 60 Pac. 145, 79 Am. St. 923. Appellant, however, mistakes respondent's position when he assumes that respondent, in producing evidence, was only relying upon a common law marriage contracted in the state of Colorado. On the contrary he was attempting to show a valid marriage between the parties, although no direct evidence of any formal ceremony, certificate of marriage, or official record was offered. In the case of *In re McLaughlin's Estate, supra*, this court said:

"In all cases, whether common law marriages are recognized or not, evidence of cohabitation and repute is admissible, as tending to show a valid marriage; holding each other out as husband and wife to the public, and continued living together in that relationship has ordinarily, if not universally, been held sufficient proof, unless contradicted, to establish it even within those states where common law marriages are not recognized."

See, also, 26 Cyc. 872, and cases cited.

True, such presumption of a lawful marriage may be overcome, but the appellant has not denied his long-continued relations with the deceased. They stand admitted, unchallenged, and unexplained. Before coming to this state he and re-

spondent's mother lived together as husband and wife for a number of years in Colorado and California. Appellant always recognized her as his wife. He held her out to the world and his associates as such, and introduced her as Mrs. Nelson. By no act, word, or deed does it appear that he ever questioned his matrimonial relation with her, until he filed his reply to the respondent's answer in this case. During her lifetime she joined him in the execution of numerous conveyances of land. He buried her as his wife, and erected a tombstone to her memory, on which her name was inscribed as Mrs. Nelson. Under this evidence we are compelled to hold that the appellant and respondent's mother were husband and wife. *Summerville v. Summerville*, 31 Wash. 411, 72 Pac. 84; *Shank v. Wilson*, 33 Wash. 612, 74 Pac. 812; *Potter v. Potter*, 45 Wash. 401, 88 Pac. 625.

We find no prejudicial error in the record. The judgment is affirmed.

HADLEY, C. J., MOUNT, FULLERTON, and ROOT, JJ., concur.