[No. 9897.   Department One.   May 23, 1912.]

HANS PEDERSON, *Appellant*, v. JAMES PARKE, *Respondent*.[1]

REFERENCE—EXCEPTIONS TO REPORT—SUFFICIENCY. Under Rem. &
Bal. Code, § 383, requiring exceptions to specify the part or parts
excepted to, general exceptions to the report of a referee are sufficiently definite and specific where it is specified that the party excepts to each and every finding as contrary to the evidence and the
law and that the conclusions are not supported by the findings of
fact.

SAME. Where the trial court has acted upon exceptions to the
findings of a referee, the technical sufficiency of the exceptions is
immaterial.

REFERENCE—EXCEPTIONS—TIME FOR FILING—AMENDED EXCEPTIONS.
Under Rem. & Bal. Code, § 250, the trial court may extend the time
for filing exceptions to the report of a referee or permit the filing
of amended exceptions.

PARTNERSHIP—ACCOUNTING—EVIDENCE AS TO PROFITS—SUFFICIENCY.
In an action for an accounting between partners, findings that there

[1]Reported in 123 Pac. 777.

was a profit on a certain contract of $22,000 are sustained, as against findings by a referee that the profit was $55,000, where it appears that the contract was let by competitive bidding for $168,000, the referee's finding showing 30 per cent profit notwithstanding that the bid was $14,000 less than any other, the building was to have been completed in one year, but took three years, and evidence tended to show that the delay increased the cost, the superintendent testified that he did not see how any profit could have been made, and a ten per cent profit would have been a reasonable one; and no vouchers or records were produced showing the profit claimed by the party whose duty it was to keep the same.

Appeal from a judgment of the superior court for King county, Albertson, J., entered August 5, 1911, upon findings in favor of the defendant, modifying the report of a referee in an action for an accounting.   Affirmed.

*Peters & Powell*, for appellant.

*Roberts, Battle, Hulbert & Tennant*, for respondent.

Gose, J.—This is a bill in equity for an accounting between partners.   The question of partnership was tried to the court, and after it had determined that there was a partnership between the plaintiff and the defendant in the construction of the city hall, in the city of Seattle, the case was referred for an accounting.   The referee filed his report, together with his findings and conclusions, on November 12, 1910.   On November 16, counsel for the plaintiff served upon counsel for the defendant a written notice of such filing.   On November 17, the defendant filed his exceptions to the report.   On November 26, an order was entered, permitting the defendant to file a motion to vacate the findings, conclusions, and report of the referee, on or before the 26th day of November; and in pursuance thereof, the defendant on this date filed his motion therefor.   On January 13, 1911, the defendant moved for leave to file amended exceptions, and on the same day filed such exceptions to the findings, specifying each thereof by number, and designating the grounds thereof.   On February 28, an order was en-

tered, granting the motion, and directing the filing thereof as of the date of November 17, 1910. On August 5, 1911, the court filed its findings and entered a decree modifying the findings and report of the referee. The plaintiff has appealed.

The appellant contends (1) that the exceptions filed on November 17 are general and insufficient, and (2) that the court was without power to permit the filing of amended exceptions. The original exceptions are as follows:

"Comes now the defendant James Parke and excepts to the findings of fact and report of the referee, and excepts to each and every finding of fact made therein by the referee, and excepts to the report of the referee, and excepts to the conclusions reached by the referee, and excepts generally to each and all of the findings and the report made, and excepts severally to the findings made and to each and every part of said findings as not being supported by the evidence and as being contrary to the evidence and as not having been made in accordance with the evidence, and excepts to the same as being contrary to the law, and also excepts to the conclusions reached for the reason that the conclusions reached are not in accordance with the findings of fact made by the referee, and that the conclusions of the referee are not supported by his own findings of fact."

We think they are sufficiently definite and specific. *Ranahan v. Gibbons,* 23 Wash. 255, 62 Pac. 773; *Young v. Borzone,* 26 Wash. 4, 66 Pac. 135, 421; *Burrows v. Kinsley,* 27 Wash. 694, 68 Pac. 332. It is obvious that they specify "the part or parts excepted to," within the meaning of the statute. Rem. & Bal. Code, § 383. Moreover, the referee was an arm of the trial court, and where the trial court acts upon the exceptions reserved to the report, this court will not be technical in determining their sufficiency.

It is clear, also, that the court had the power to extend the time for filing the exceptions, and to permit the filing of amended exceptions. Laws 1893, p. 415, § 24 (Rem. & Bal. Code, § 250), provides that "the court may enlarge or extend the time, for good cause shown, within which by statute

any act is to be done, proceeding had or taken, notice of paper filed or served, or may, on such terms as are just, permit the same to be done or supplied after the time therefor has expired," subject to exceptions not here applicable. It has been held that the statute quoted does not relate to proceedings subsequent to the entry of the judgment. *National Bank of Commerce v. Seattle P. & V. Works*, 15 Wash. 126, 45 Pac. 731. We have also held that, under this statute, the court may extend the time for filing a motion for a new trial after the expiration of the time fixed by statute. *Bailey v. Drake*, 12 Wash. 99, 40 Pac. 631; *Leavenworth v. Billings*, 26 Wash. 1, 66 Pac. 107; *Kreielsheimer v. Nelson*, 31 Wash. 406, 72 Pac. 72; *Brennan v. Seattle*, 39 Wash. 640, 81 Pac. 1092; *McAllister v. Seattle Brewing & Malting Co.*, 44 Wash. 179, 87 Pac. 68; *Reiff v. Coulter*, 47 Wash. 678, 92 Pac. 436. The order falls within the principle underlying these cases, and is based upon a sound interpretation of the statute.

Upon the merits, the case is more difficult of solution. The testimony taken before the referee is voluminous, and we can do little more than refer to it in a general way and state our conclusions. The contract price for the work was $168,000. The extra work and force work—that is, work outside the contract, amounted to $60,000. The contract provides that the contractor shall receive a profit of ten per cent on all work outside the contract. The contract was awarded to the respondent, he being the lowest competitive bidder. The referee found that the profit, in round numbers, was $55,000, whilst the court found it to have been $22,000. Upon the findings of the referee, there was a profit of $49,000 on the original contract of $168,000, or approximately thirty per cent. As the court observed, the referee allowed this surprisingly large profit in the face of the fact that the bid of the respondent was $14,000 less than the bid of his closest competitor. The building should have been completed within one year, but owing to changes made in the building by the

city, and other delays for which the respondent was in no wise responsible, it required nearly three years to complete it. There is a conflict in the testimony as to whether the delays resulted in lessening or enhancing the cost of the structure. The appellant contends that both labor and material declined in price during the progress of the work, and that the delay resulted in an increased profit; whilst the respondent insists that he was required to keep men upon the work who were not fully employed, and that, with all the elements considered, the delay enhanced the cost of the structure. Upon the entire testimony, we are disposed to adopt the respondent's view. The referee's finding of profit is supported by certain books which the appellant stoutly contends contain substantially all the items of expense entering into the work of construction. The respondent testified that he kept no books, that he had been a contractor for about thirty years, that he had never kept a book account of his building transactions, and that the so-called books were kept without authority, and were incomplete and incorrect. There were two timekeepers, as the respondent calls them, or bookkeepers, who assumed to keep the books. The first commenced work a short time after the work of construction had begun, and the second commenced work about two weeks after the service of the first one had terminated, and he quit work before the building was completed. The books show the profit found by the referee, but there were no vouchers with which to check them. The respondent, who had the entire charge of the work, further testified that he paid out large sums of money, some in cash and some by check, which were not reported to the so-called bookkeepers and which were not entered upon the books, and that the profit was less than ten per cent on the entire contract. The superintendent ·in charge of the work under the city's architect testified: "I don't see where Mr. Parke could have made any money on a contract like that." The testimony further shows that a profit of ten per cent is considered a reasonable profit by

those engaged in contract work, and that the work was well and conscientiously done.

We quite agree with the learned trial court that it would be a reflection upon the judgment of the city officials in charge of the work if they should let a contract which should result in the profit found by the referee. It seems incredible to us that any such profit was realized. The profit shown by the books is so great as to impeach their credit as evidence. In a memorandum opinion, filed in the case, the learned trial court remarked that he was convinced that the respondent entertained an honest belief that the appellant was not a partner in the transaction. A careful reading of all the testimony has led the writer to reach the same conclusion. It appears from the evidence that the city advertised for bids for the construction of the building so as to call for bids upon subdivisions. Subdivision 2 covered the plastering and concrete work. The appellant submitted a bid upon that subdivision, and the respondent submitted a bid for the whole of the work, including the subdivision. The bid of the respondent for the work embraced in subdivision 2 was slightly lower than that of the appellant. Respondent's contention is that he and the appellant entered into a profit-sharing plan for the work embraced in subdivision 2, and that the appellant had no other or different interest in the work. The court found against him on the question of partnership, and he has not appealed, and we only allude to it for the purpose of throwing light on his failure to keep a correct account of the transaction. The respondent produced no vouchers for the expenditures, for which he claims a credit and which are not shown upon the books. He testified from memory and from estimates as to what the actual profit was. There is nothing in the record from which it can be inferred that he suppressed evidence. As a partner in charge of the work, it was his duty to keep a correct record of the partnership business. This he did not do. His failure to do so, however, in the light of the record, does not warrant us in accepting the book

profits where every reasonable probability impeaches their accuracy. The respondent's testimony throughout has the ring of truth, and while his carelessness is not to be commended, we cannot make it the basis for affirming the referee's report. To do so, as we view the testimony, would be highly inequitable.

The weight of the reasonable probabilities accords with the decree, and it is affirmed.

DUNBAR, C. J., FULLERTON, MOUNT, and PARKER, JJ., concur.