[No. 16456. Department One. September 26, 1921.]

*In the Matter of the Estate of* ORVIL H. EMMANS.[1]

MARRIAGE (14)—PROOF OF MARRIAGE—EVIDENCE—SUFFICIENCY. Marriage of parties is sufficiently proved by the testimony of the surviving wife that they were married during a trip to Canada, although she could not produce the marriage certificate or remember the town where, or the clergyman by whom, they were married, where a number of witnesses testified to having seen the certificate, and there was evidence that the parties publicly held themselves out as man and wife until the death of the husband some ten years later (MACKINTOSH and HOLCOMB, JJ., dissenting).

APPEAL (452)—REVIEW—HARMLESS ERROR—ERRORS NOT AFFECTING TRIAL DE NOVO. Where a cause is triable de novo on appeal, error of the court in imposing the burden of proof on one of the parties is immaterial.

Appeal from a judgment of the superior court for Spokane county, Oswald J., entered September 21, 1920, upon findings in favor of an administratrix, in an action to vacate the appointment, tried to the court. Affirmed.

*Patrick C. Shine,* for appellants.
*John Pattison,* for respondent.

[1]Reported in 200 Pac. 1117.

BRIDGES, J.—On the 17th day of June, 1920, Orvil H. Emmans died intestate and a resident of the state of Washington. Shortly thereafter, Frances Eva Emmans, claiming to be his widow, petitioned the superior court of Spokane county for letters of administration of the estate, and the court, *ex parte,* appointed her and she duly qualified. She sought and obtained her appointment under §§ 61 and 63 of the 1917 Probate Code (Laws of 1917, pp. 656-7). The first mentioned section provides that the surviving husband or wife shall first be entitled to administer, and the second section mentioned provides that, if the petition for appointment be by such survivor, no notice of the hearing thereof need be given. After the appointment of Mrs. Emmans, two of the sisters of the deceased petitioned for the appointment of one of them as administratrix, and sought to vacate and set aside the previous appointment of Mrs. Emmans, on the ground that she was not the surviving widow of the deceased. Pleadings were made up on these issues, and the sole question tried by the court was whether Mrs. Emmans was the surviving widow of the deceased. After an extensive trial, the court found that the deceased and Mrs. Emmans intermarried July 24, 1910, and remained husband and wife until the death of Mr. Emmans, and refused to revoke the letters of administration theretofore issued to her. The other petitioners, to wit, the sisters of the deceased, have appealed.

The following facts are either undisputed or overwhelmingly proved: That Mr. Emmans and Mrs. Frances Eva Hubbell (who now claims to be Mrs. Emmans), on and before the year 1907, lived in the same town in Spokane county; that, during that year, both the husband of Mrs. Hubbell and the wife of Mr. Emmans died; that shortly thereafter Mr. Emmans commenced to board and room at the home of Mrs. Hubbell, and for

some years thereafter assisted her in her business affairs; that in July, 1910, Mr. Emmans and Mrs. Hubbell took a trip to Canada, and were gone for two months or more; that, when they left home for that trip, they were not married; that, when they returned from the trip, they announced their marriage during their absence, and thenceforth, until the death of Mr. Emmans, in 1920, lived together as husband and wife, and were so recognized by the community at large.

The only direct testimony concerning the marriage was that of Mrs. Emmans, formerly Mrs. Hubbell. The appellants made her their witness, and she testified that she and Mr. Emmans left their home together with the view of going into Canada and being married there; that they did go into Canada and at some town, the name of which she does not remember, they left their team and took a train for some other town in Canada, the name of which she does not remember, and after leaving the train they took a stage for another town in Canada, the name of which she does not remember, and in the last mentioned town they were married by a minister of the Gospel, at his home, the name of which minister she does not remember; that the usual ceremony of marriage there took place on the 24th day of July, 1910, and that thereafter, and for the period of ten years, and until the death of Mr. Emmans, they lived together as man and wife. She further testified that, prior to the date of the marriage, they had not cohabited, nor in any manner lived together as man and wife. The testimony further shows that Mr. Emmans, while away on the trip to Canada, wrote several postcards to friends in the state of Washington, wherein he stated, either directly or by close inference, that he had, during that trip, married Mrs. Hubbell. There was also testimony that Mrs. Emmans had told some of Mr. Emmans' sisters that

they were married in the city of Davenport, Washington, which place was reasonably close to their home. This she admitted. She denied, however, that the marriage took place there, and explained that she had said it took place there because her husband had requested her so to do. It appears from the testimony that Mr. Emmans' sisters had complained about his living at the home of Mrs. Hubbell, and had advised him that he should either marry her or cease to live in the house with her.

The appellants lay much stress upon the fact that Mrs. Emmans did not know the town in which she was married, or any town through which she passed, or the name of the minister who married her, and was unable to present any certificate of marriage. It is argued that such a condition of facts is unnatural and destroys the weight of her testimony, and that she so testified for the purpose of making it impossible to directly contradict her testimony concerning her marriage. But she testified that she had never before been in Canada, and that on the trip they were only in small towns and that she did not pay much attention to them and did not remember their names. In any event, such rather unusual testimony cannot have the effect of overcoming her direct testimony that she was married in Canada, when that testimony is supported by all the other practically undisputed evidence to the effect that they lived together as husband and wife for ten years and until his death, and that he, during all of that period, introduced her and recognized her in every way as his lawful wife; that he helped maintain and educate her children by her former marriage; that she joined with him as his wife in the execution of deeds and other papers; that a number of people saw the certificate of marriage, and that for ten years the public of the community where they lived looked on

them and treated them as husband and wife. Even if the testimony of Mrs. Emmans be eliminated from the record, there is left amply sufficient, when put against all the proofs of the appellants, to prove the marriage. Openly living the life of marriage is too strong proof of that relationship to be overcome by lapses of memory or inconsistent testimony concerning the performance of the marriage ceremony. It does not appear in the record that appellants, at any time prior to the death of Mr. Emmans, questioned the marriage of Mrs. Emmans. Not until after his death did they, openly at least, do this.

Much stress is laid upon the fact that Mrs. Emmans was unable to produce her certificate of marriage, but this inability seems to be satisfactorily explained. She testified she and her husband had a certificate of marriage, and that they had shown it to various people, and that thereafter the certificate was mislaid and lost. A number of witnesses testified to having seen the certificate.

In the case of *Summerville v. Summerville,* 31 Wash. 411, 72 Pac. 84, we said:

"A valid marriage may be presumed to exist from general reputation among the acquaintances of the parties that such is the fact, when that reputation is accompanied by their cohabitation, and arises from their holding themselves out to the world as occupying that relation to which the law refers when marriage is mentioned."

To the same effect see *Potter v. Potter,* 45 Wash, 401, 88 Pac. 625; *Weatherall v. Weatherall,* 56 Wash. 344, 105 Pac. 822; *Nelson v. Carlson,* 48 Wash. 651, 94 Pac. 477.

We think the proof is amply sufficient to show that the respondent was the surviving widow of Orvil H. Emmans, deceased.

Some contention is made in appellants' brief that the court wrongfully imposed upon them the burden of proof. Whether the burden of proof was on the appellants or the respondent is, in a case of this character, immaterial here; we try the case *de novo*. In the case of *Hunt v. Phillips*, 34 Wash. 362, 75 Pac. 970, speaking of the question of burden of proof in a case somewhat similar to this, we said:

"And, further, it is immaterial to the consideration of this case by this court what the ruling in this respect was, as this court tries the case *de novo*, and will give to the whole testimony such weight as it thinks it is entitled to."

The judgment is affirmed.

PARKER, C. J., and FULLERTON, J., concur.

MACKINTOSH, J. (dissenting)—The testimony introduced to prove the marriage is of two kinds—that which is palpably untrue, and that which is too indefinite to carry any conviction, and its consideration convinces me that, whatever else may have been their relationship, respondent and Orvil H. Emmans never were husband and wife. I therefore dissent.

HOLCOMB, J., concurs with MACKINTOSH, J.