[No. 33997. Department One. February 28, 1957.]

ROBERT A. BROWNLEE, *Respondent*, v. KENNETH PRICE *et al.*, *Appellants*.[1]

H. A. Davis, for appellants.

MALLERY, J.—This is an appeal from an order granting the plaintiff's motion for a new trial in a cause tried to a jury. The order was based upon the ground that an erroneous instruction had been given upon the degree of negligence required to make an owner of land liable for injuries to trespassing cattle.

The jury returned its verdict for the defendants on March 28, 1956. The plaintiff's motion for a new trial on the ground of "irregularities in the proceedings of the Court, and error in the law occurring at the trial and excepted to at the time by the plaintiff," was not served and filed until April 4, 1956.

The appellants, defendants below, contend that respondent's motion for a new trial was not timely made, and that the court, therefore, erred in considering it.

[1] Reported in 307 P. (2d) 880.

■ RCW 4.64.010, Rem. Rev. Stat., § 431, provides:

"In any action tried by jury in which a verdict is returned, judgment in conformity with the verdict may be entered by the court at any time after two days from the return of such verdict. Any motion for judgment notwithstanding the verdict, or *any motion for a new trial*, or any motion attacking the verdict for other causes, *shall be served on the adverse party and filed with the clerk of the court within two days after the return of the verdict*, and no judgment shall be entered in the cause until after the disposition of such motion. The judgment shall be in writing, signed by the judge of the court in which the action is pending, and shall be filed with the clerk and recorded in the journal of the court." (Italics ours.)

The appellants' contention that the motion for a new trial was not timely, is correct.

■ It is, of course, possible to enlarge the time for serving and filing a motion for a new trial by complying with the provisions of RCW 4.32.250 [*cf.* Rem. Rev. Stat., § 250], which provides, *inter alia*:

". . . the court may enlarge or extend the time, *for good cause shown*, within which by statute . . . notice . . . [shall be] filed or served, . . ." (Italics ours.)

■ The transcript of the record herein reveals that the order of May 15, 1956, granting a new trial contains the following recital, which is the only reference in the record to an enlargement of time in which to make the motion:

". . . the Court having considered the objection on the part of the defendants to the plaintiff's motion for a new trial on the ground that the same was not timely filed, and the arguments of the respective counsel thereto, and having considered the plaintiff's oral motion, made on May 1st, 1956 for an extension of time within which to file his motion for new trial in order that the same be considered timely filed, . . ."

The appellants have the right to invoke the provisions of RCW 4.64.010, Rem. Rev. Stat., § 431, unless the *good cause* provided for in RCW 4.32.250 [*cf.* Rem. Rev. Stat., § 250] is supported by a showing. In any event, they have the right to have the sufficiency of the *good cause* reviewed in this court for an abuse of discretion. Since no cause at

all is shown, there is nothing for us to review. Effect must be given, therefore, to RCW 4.64.010, Rem. Rev. Stat., § 431. *Corbaley v. Pierce County*, 192 Wash. 688, 74 P. (2d) 993.

The order granting a new trial is reversed, and the court is directed to reinstate the verdict and judgment herein.

HILL, C. J., FINLEY, OTT, and FOSTER, JJ., concur.