[No. 38435.    Department Two.    August 11, 1966.]

RICHARD DEVINE, *Respondent*, v. RUTH D. GOGGIN, *as Administratrix, Appellant.**

*Reported in 417 P.2d 606.

*Splawn & Bounds,* for appellant.

*Butler & Yencopal (Theodore D. Peterson,* of counsel), for respondent.

WARD, J.†—This is an appeal from an order of the trial court granting to the plaintiff a new trial after the return of a verdict by the jury in favor of the defendant.

The six assignments of error made by the defendant require determination of three questions. (1) May a trial court as a matter of law permit a late filing of the motion for new trial? (2) May a trial court as a matter of law, long after the time for filing a motion for new trial has expired, permit a party to amend the motion for new trial by adding additional grounds to the motion? (3) If (1) and (2) be answered affirmatively, then under the facts in this case, has the court abused its discretion in permitting such delayed filing of the motion for new trial and in permitting such delayed amendment to the motion for new trial?

The facts are not in dispute. The verdict of the jury was returned and filed on Wednesday, November 25, 1964, at 10 p.m. Under RCW 4.76.060, the 2 days provided for filing motion for new trial would have expired on Friday, November 27, 1964. It was filed on Monday, November 30, 1964.

However, RCW 4.32.250 provides that:

[T]he court may enlarge or extend the time, *for good cause shown,* within which by statute any act is to be done, proceeding had or taken, notice or paper filed or

---

†Judge Ward is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

served, *or may, on such terms as are just, permit the same to be done or supplied after the time therefor has expired* . . . . (Italics ours.)

In *Brownlee v. Price*, 49 Wn.2d 877, 307 P.2d 880 (1957), this court reversed the trial court which had applied RCW 4.32.250 and had permitted a belated filing of motion for new trial, because the court had failed in its order granting such relief to set out wherein there was "good cause" or any cause for such delayed filing.

That situation does not exist in this case. The trial court in its order made reference to its written memorandum decision in which the court pointed out that the jury's verdict was not returned until 10 p.m. on Wednesday, November 25, 1964, and that the following day was Thanksgiving. The courthouse was closed on Saturday. The motion for new trial was filed on Monday, November 30, 1964. There were other exculpatory factors shown which the trial court was at liberty to consider.

The trial court was justified in finding that "good cause" was shown for permitting the belated filing of the motion for new trial.

The appellant's further claim that the motion for extension of time should have been filed within the 2-day period provided in RCW 4.76.060, does not find support in either the statute or in prior decisions of this court. RCW 4.32.250 expressly authorizes the court to permit such delayed filing "after the time therefor has expired." As long ago as 1912, in *Pederson v. Parke*, 68 Wash. 482, 485, 123 Pac. 777, referring to this statute, we said:

We have also held that, under this statute, the court may extend the time for filing a motion for a new trial after the expiration of the time fixed by statute. *Bailey v. Drake*, 12 Wash. 99, 40 Pac. 631; *Leavenworth v. Billings*, 26 Wash. 1, 66 Pac. 107; *Kreielsheimer v. Nelson*, 31 Wash. 406, 72 Pac. 72; *Brennan v. Seattle*, 39 Wash. 640, 81 Pac. 1092; *McAllister v. Seattle Brewing & Malting Co.*, 44 Wash. 179, 87 Pac. 68; *Reiff v. Coulter*, 47 Wash. 678, 92 Pac. 436.

This interpretation of the statute has not been deviated from in subsequent years. *Brownlee v. Price, supra.*

The final assignment of error requires consideration of additional facts as follows: The original motion for new trial was based entirely upon claimed error in instructions given. On February 11, 1965, 74 days after the date the verdict was filed, the respondent filed his motion for (1) an order authorizing belated filing of his original motion for new trial, which he had filed on November 30, 1964, and also, (2) to amend the motion for new trial, by adding thereto an additional ground. The court granted such motion.

Final assignment of error asserts an abuse of discretion on the part of the trial court in granting the plaintiff's motion. Whether the court abused its discretion depends upon all the facts and circumstances which were before the court on this matter. As pointed out in the trial court's memorandum opinion, the case was tried at Prosser, in Benton County, by a visiting judge from Seattle. The plaintiff's attorneys resided in Richland, the minor plaintiff resided at Spokane, the defendant's counsel resided at Yakima. Pressure of other judicial matters delayed hearing upon the plaintiff's motion by the court at Seattle. It was not until January 11, 1965, that a hearing was had on the post-trial motions before Judge Wilkins in Seattle, and at this hearing for the first time defendant made specific claim that the original motion for new trial was not filed within the time required by statute. On this hearing, the trial judge directed that he be furnished with portions of the record. Such record was furnished to the court and, on February 11, 1965, the plaintiff filed his motion seeking retroactive approval of his original delayed filing of the motion for new trial on November 30, 1964, and for permission to amend such motion for new trial. The continued hearing on the post-trial motions was held at Seattle on March 19, 1965, and, on March 31, 1965, the court filed the memorandum decision showing that it had given careful consideration to all of the factors above recited. On this record, we cannot say that the court abused its discretion in granting plaintiff's motions.

The defendant has failed to show how she has been prejudiced by the granting of the motion to amend the

motion for new trial. This case comes before us on a short record, without a statement of facts. We cannot, therefor, consider the grounds upon which the court granted the motion for new trial. When a party complains that a trial court failed to properly exercise its discretion, he should be prepared to show that he has been prejudiced or injured by such action. *Dunlop v. Seattle Renton & So. Ry.*, 47 Wash. 576, 92 Pac. 449 (1907); *McNeil v. McNeil*, 46 Ohio L. Abs. 244, 68 N.E.2d 338 (1946); 1 C.J.S. *Abuse* 403 (1936).

Judgment affirmed.

ROSELLINI, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.

\*Reported in 417 P.2d 632.