[No. 4836.   Decided December 29, 1903.]

CAPEN SHANK et al., Appellants, v. ETHEL A. WILSON, Administratrix, Respondent.[1]

MARRIAGE—PRESUMED FROM CONDUCT. In states where the common law marriage is not recognized, proof of the continued cohabitation of a man and woman, holding themselves out to be husband and wife, raises a presumption of a previous legal marriage.

SAME—REBUTTAL—SUBSEQUENT CEREMONY. The presumption of an earlier marriage from cohabitation and assertion in several states for many years, is not rebutted by proof of a recent ceremonial marriage between the same parties.

SAME—ESTOPPEL. A widow is not estopped from claiming such earlier marriage by the record in probate procedings upon her husband's estate showing only the recent ceremonial marriage, and decreeing the marriage between the parties to be of that date.

APPEAL—REVIEW—HARMLESS ERROR. Error in the admission of improper testimony is harmless in an equity case tried de novo on appeal.

Appeal from a judgment of the superior court for King county, Tallman, J., entered June 18, 1903, denying a petition· of collateral heirs to vacate and set aside a final order of distribution in favor of the widow of deceased,

1Reported in 74 Pac. 812.

after a trial upon the merits before the court without a jury. Affirmed.

*Frank C. Park,* for appellant. The probate court having decreed, upon a contest, that the date of the marriage was in 1900, the time of the ceremony, and that decision being unappealed from, it is the law of the case, and binding upon the widow. *Kromer v. Friday,* 10 Wash. 621, 39 Pac. 229, 32 L. R. A. 671; *Howell v. Budd,* 91 Cal. 342, 27 Pac. 747; *Blythe Estate,* 112 Cal. 689, 45 Pac. 6; *Lythgoe v. Lythgoe,* 26 N. Y. Supp. 1063; *Bell v. Raymond,* 18 Conn. 91; *Krekler v. Ritter,* 62 N. Y. 372; *Swank v. St. Paul R. Co.,* 61 Minn. 423, 63 N. W. 1088. She can not show a previous contract marriage to establish her widowhood after having shown a ceremonial marriage in the same matter to establish her widowhood. *McCandless v. Yorkshire etc. Corp.,* 101 Ga. 180, 28 S. E. 663; *Lilley v. Adams,* 108 Mass. 50; *Jeffries v. Allen,* 34 S. C. 189, 13 S. E. 365; *Martin v. Boyce,* 49 Mich. 122, 13 N. W. 386; *Baltimore etc. R. Co. v. Pittsburg etc. R. Co.,* 55 Fed. 701. The former finding concludes her as to all facts that might have been offered to prove any marriage. *Wiseman v. Eastman,* 21 Wash. 163, 57 Pac. 398; *Wilkes v. Davies,* 8 Wash. 112, 35 Pac. 611, 23 L. R. A. 103; *Dolan v. Scott,* 25 Wash. 214, 65 Pac. 190; *Isensee v. Austin,* 15 Wash. 352, 46 Pac. 394; *Macdonald v. Frater,* 29 Wash. 422, 69 Pac. 1111. The evidence did not justify the finding of a previous marriage; the ceremonial marriage was substantial evidence to the contrary. *Kromer v. Kromer, supra.* The presumption of a previous marriage is only in aid of testimony that a ceremony was performed. *Summerville v. Summerville,* 31 Wash. 411, 72 Pac. 84; *Jackson v. Jackson,* 80 Md. 176, 30 Atl. 752; *Robinson v. Redd's Adm'r* (Ky.), 43 S. W. 435. Respond-

ent was in court and competent to testify to such ceremonial marriage. *Goldwater v. Burnside,* 22 Wash. 215, 60 Pac. 409. Failing to do so, the presumption is that none existed. *Jackson v. Ill. Cent. R. Co.,* 46 La. An. 226, 14 South. 514; *The Joseph B. Thomas,* 81 Fed. 578. The evidence was not sufficient to raise the presumption of marriage. *In Re Wallace's Estate,* 49 N. J. Eq. 530, 25 Atl. 260; *Williams v. Herrick,* 21 R. I. 401, 43 Atl. 1036.

*John E. Humphries* and *Harrison Bostwick,* for respondent.

DUNBAR, J.—Edwin B. Shank died intestate, leaving property of the value of about $11,000, which property was distributed to respondent, his widow, by the decree of final distribution. Appellants, who are heirs of the deceased, petitioned to set aside the final decree, and asked that one-half of the property be distributed to them, for the reason that it was acquired by deceased before his marriage to respondent on June 4, 1900, and was his separate property. All the facts set forth in the petition as grounds for opening the decree of distribution were admitted, but the date of the marriage was contested. The copies of the record of the court of King county having probate jurisdiction were introduced, showing a ceremonial marriage between respondent and deceased, at Tacoma, on June 4, 1900, and the judgment decreed the marriage at that time. Upon the introduction of this record, the appellants rested; whereupon the respondent introduced testimony tending to show that the respondent and deceased had lived and cohabited together for many years prior thereto, and were so living in 1894, prior to the acquisition of the property, and that they constantly held themselves out as such husband and wife.

The material question in this case, upon which the appeal is based, is the date of marriage. It is insisted by the appellants that there was no sufficient showing of a holding out by the respondent and the deceased as husband and wife, or of their living and cohabiting together as husband and wife. But, without entering into a circumstantial analysis of the testimony in this regard, we think it is ample to sustain the finding of the court. The testimony shows, without any doubt, that these parties lived together as man and wife, introducing each other to their friends and neighbors as man and wife, visited with friends in that capacity, and were so generally understood to be, for many years prior to his death, in the states of Idaho, Missouri, and Washington, and in British Columbia. It is well established law, not necessitating the citation of authority, that the proof of continual cohabitation of a man and woman, and of a continual assertion that the marriage relation exists, and proof of such conduct as is consistent with the marriage relation, raises the presumption, in those states where the common law marriage itself is not held to be a legal marriage, that the ceremonial or legal marriage has preceded the acts mentioned.

But the appellants contend that this presumption is rebutted by the fact that a ceremonial marriage was shown in this case to have been performed subsequent to these manifestations; viz., on June 4, 1900. But we do not think that this necessarily follows. There are various reasons, religious and otherwise, which frequently prompt men and women to solemnize their marriage more than once, and we do not think that this fact ought to overcome the universally recognized presumption of legitimate marriage before the acknowledged cohabitation and holding out and assumption of the marriage relation.

In *Summerville v. Summerville,* 31 Wash. 411, 72 Pac. 84, in a case where the proof of the acknowledgment of the relation of husband and wife was not nearly so conclusive as it is in this case, it was held that it was sufficient to raise a presumption of ceremonial marriage, and in that case, was approvingly quoted, the following citation from 1 Bishop, Marriage, Div. & Sep., § 956:

"Every intendment of the law leans to matrimony. When a marriage has been shown in evidence, whether regular or irregular, and whatever the form of the proofs, the law raises a strong presumption of its legality; not only casting the burden of proof on the party objecting, but requiring him throughout, in every particular, to make plain, against the constant pressure of this presumption, the truth of law and fact that it is illegal and void. . . . It being for the highest good of the parties, of the children, and of the community, that all intercourse between the sexes in form matrimonial should be such in fact, the law, when administered by enlightened judges, seizes upon all probabilities, and presses into its service all things else which can help it, in each particular case, to sustain the marriage, and repel the conclusion of unlawful commerce."

The error alleged in relation to the admission of improper testimony is not material here because the cause is tried *de novo.* Neither do we think that there is any merit in the contention that the respondent was estopped by the record which she made from asserting a prior marriage.

The judgment is affirmed.

FULLERTON, C. J., and HADLEY and MOUNT, JJ., concur.