## George B. Stitzel, Appellee, v. Elizabeth Farley, Conservator, Appellant.

### Gen. No. 5,062.

1. INSANITY—*section 14 of chapter 86 construed.*  Notwithstanding the provision of this statute which makes void the contract of a person made after his adjudication as insane, a contract made by him during a lucid interval is binding without an adjudication of restoration to reason.

2. INSANITY—*presumption as to continuance.*  If a person has been adjudged insane the presumption of insanity continues until the adjudication of restoration to reason has been made, and where the issue is as to whether reason has been restored, the burden is upon the party who alleges such restoration to reason, to establish it by a preponderance of the evidence.

Judgment by confession.  Appeal from the Circuit Court of Lee county; the Hon. RICHARD S. FARRAND, Judge, presiding.  Heard in

this court at the October term, 1908. Reversed and remanded. Opinion filed March 24, 1909.

Henry C. Warner, George C. Dixon and Henry S. Dixon, for appellant.

Brooks & Brooks, for appellee.

Mr. Presiding Justice Thompson delivered the opinion of the court.

On December 31, 1907, judgment by confession was entered in vacation in the office of the circuit clerk of Lee county in two cases, one entitled George B. Stitzel v. George W. Farley and James Sherry for $1,020.75, the other George B. Stitzel v. George W. Farley for the sum of $60.87. The notes upon which the judgments were entered were all dated December 30, 1907. On January 16, 1908, Elizabeth Farley, conservator of George W. Farley, entered a motion in each case in the Circuit Court, that the causes be re-docketed and for an order setting aside the judgments against George W. Farley and to recall the execution and substitute the conservator as a party defendant and for leave to plead. An order was entered substituting the conservator as a party defendant, granting leave to defendant to plead and that the judgments stand as security for the debts until the further order of the court.

A plea of the general issue was filed, and a stipulation was made that upon the trial the defendant might interpose any defense and evidence that would be proper under any special pleas and replications thereto. By agreement the cases were tried together before a jury. The jury found in favor of plaintiff, and the motions of the conservator to vacate and set aside the judgments were overruled, and the judgments were rendered for costs against the defendant. The conservator appeals.

The evidence shows that on June 13, 1902, George W. Farley was by the County Court of Lee county ad-

judged insane pursuant to the finding of a commission, and was committed to the insane asylum at Elgin; that in October, 1903, Michael Farley was appointed conservator of George W. Farley; that on April 10, 1904, George W. Farley was released from the asylum as improved; that the conservator made a report to the County Court of Lee county, at the April term, 1907, showing that he had received $263.37, as such conservator, and that he had paid that amount to George W. Farley on April 25, 1905. Michael Farley died August 15, 1907. On January 15, 1908, Elizabeth Farley was appointed conservator. There was no adjudication of court reinstating Farley after he had been adjudged insane.

Two defenses were interposed, (1) that George W. Farley had been adjudged insane and never had been reinstated, and was under the statute incapable of contracting, and that his notes were therefore void; (2) that he was insane at the time of the execution of the notes sued on. The notes were given for the purchase of a saloon. Fifteen witnesses testified that George W. Farley at the time of giving the notes sued on was of sound mind and capable of transacting ordinary business; five witnesses, mostly members of the family of Farley, testified that he was not of sound mind. At the close of the evidence the defendant requested a peremptory instruction, which was refused. Appellant contends that this should have been given because of the provisions of sections 14, 37 and 39 of chapter 86 of the Statutes of Illinois. Section 14 provides:

"Every note, bill, bond or other contract by an idiot, lunatic, distracted person or spendthrift, made after the finding of the jury, as provided in section 1 of this act, shall be void as against the idiot, lunatic, distracted person, drunkard or spendthrift, and his estate; but the person making any contract with such idiot, lunatic, distracted person or spendthrift shall be bound thereby."

Sections 37 and 39 provide for the restoration of an insane person for whom a conservator has been ap-

pointed by making an application to the County Court and entering an order in that regard. Section 14 of the statute now in force was passed in 1893 and is almost identical in language with the provisions of the statutes passed in 1874 and 1869, and very similar to that of the statute of 1845 concerning lunatics. The courts of last resort in this state hold that notwithstanding the statute, a contract made with a person after an adjudication of insanity, but made during a lucid interval is binding, and may be enforced against him, and that where a person has been adjudged insane and afterwards released from the asylum as improved, with a recovery of his reason, contracts made by such party are valid without an adjudication of restoration to reason. McCormick v. Littler, 85 Ill. 62; Lilly v. Waggoner, 27 Ill. 395; Clay v. Hammond, 199 Ill. 377; Langdon v. People, 133 Ill. 382; Searle v. Galbraith, 73 Ill. 269; Speck v. Pullman Car Co., 121 Ill. 33; Titcomb v. Vantyle, 84 Ill. 371; Am. Bible Soc. v. Price, 115 Ill. 623; Martin v. Jamison, 39 Ill. App. 240. The court therefore did not err in refusing the peremptory instruction requested by appellant.

It was a question of fact to be passed upon by the jury to be found from all the evidence whether George W. Farley was or was not of sound mind at the time of giving the notes sued on; but having once been adjudged insane and not adjudged sane thereafter by a court, the presumption of insanity continued, and the burden was upon appellee to establish his sanity at the time the notes were executed. The appellant requested such an instruction and it was refused. Appellee concedes the propriety of that instruction, but insists that the proposition of law was given in other instructions. There is no instruction in the record telling the jury upon whom the burden rested. For the error in refusing that instruction the case must be reversed and remanded. As the case must be retried by a jury we express no opinion on the merits of the case.

*Reversed and remanded.*