[No. 11741. Department Two. August 10, 1914.]

KATHRYN A. POTTS, *Respondent*, v. CHARLES POTTS, *Appellant*.[1]

MARRIAGE—EVIDENCE—SUFFICIENCY. There is sufficient evidence to prove a ceremonial marriage, where plaintiff's testimony showed that she was regularly married to the defendant at the time and place stated, that she had lived with him for a period of eleven years, that he held her out as his wife during that time, had addressed letters to her as his wife, and that they had lived together as man and wife; such acts creating a presumption of marriage, although a common law marriage be held illegal.

CONTINUANCE—GROUNDS—ABSENCE OF WITNESSES—SURPRISE—DILIGENCE. It is not error to deny motions for a continuance and a new trial on the ground of surprise, caused by testimony of the plaintiff that a marriage was performed by a certain person at a certain place and time and in the presence of certain witnesses, where the allegations in the divorce complaint served upon defendant charged him with notice that such testimony would be given, and he failed to exercise his right to obtain further knowledge of the matters alleged by propounding interrogatories under Rem. & Bal. Code, §§ 1226, 1227, or to have the complaint made more specific in that respect, such neglect amounting to a lack of due diligence on his part.

DIVORCE—GROUNDS—ABANDONMENT—CRUELTY. A divorce will be granted on the ground of abandonment and cruelty, where it appears that the defendant abandoned the plaintiff and did not intend to live with her any more, that he had refused to furnish the necessaries of life, and had been cruel and abusive, and such conduct was admitted by the defendant.

[1]Reported in 142 Pac. 448.

Appeal from a judgment of the superior court for Klick-itat county, Darch, J., entered June 9, 1913, upon findings in favor of the plaintiff, in an action for divorce. Affirmed.

*Edward A. Davis*, for appellant.

*N. B. Brooks* and *W. B. Presby*, for respondent.

MOUNT, J.—Action for divorce on the grounds of deser-tion and cruelty. Upon the trial of the case to the court below, a decree was entered in favor of the plaintiff. The defendant has appealed.

The appellant argues that the court erred, first, in deny-ing the appellant's motion for a continuance at the close of the testimony; second, in entering a decree in favor of the plaintiff; and third, in denying the appellant's motion for a new trial.

In her amended complaint, the plaintiff alleged that she was married to the defendant on or about the 2d day of No-vember, 1901, at Viola, in the state of Wisconsin. Three separate causes of action were alleged: first, the abandon-ment of the plaintiff; second, cruel treatment; and third, failure to support. The answer of the defendant was, in ef-fect, a general denial.

When the case came on for trial, the plaintiff, without ob-jection, testified that she was married to the defendant in Viola, Wisconsin, on the 2d day of November, 1901. She also testified that the marriage was performed by a minister at his residence in the presence of two witnesses; that, at the time of the marriage, the minister gave to her husband a cer-tificate, or a piece of paper, which she did not read. She also testified to the fact of abandonment of her by the de-fendant after they had lived together for a period of about eleven years, to certain acts of cruelty, and to his failure to support. She also introduced in evidence certain letters which were written to her by the defendant, in which he ad-dressed her as his wife, and signed the letters as "her loving

husband." She also introduced a letter written by her husband to her in which he, among other things, said:

"You say Mrs. Crook is telling around that you are not married and had to do so and so, and the best thing I can say for you to do is to keep as still as possible . . . I wish we had never let your folks know of it for we could have kept it a secret a few months longer . . . and so if any one asks you for proof of your marriage you must not tell them anything more about it and they can't find out only from me as I have the certificate in my possession and I am going to keep it."

The plaintiff also testified that she had signed numerous deeds at the request of her husband in which she acknowledged herself as his wife. At the close of the plaintiff's evidence, the defendant asked for a continuance upon the ground that he was surprised at the statement of the plaintiff to the effect that they were married at a certain time and place in the presence of certain witnesses by a minister named. This motion was denied. After a judgment had been entered, a motion for a new trial was made upon the ground of surprise. Defendant filed affidavits by the named minister and witnesses, to the effect that the ceremony had not been performed as stated by the plaintiff, and that the witnesses were not present and did not know of the marriage. This motion for new trial was denied.

The argument upon this appeal is based wholly upon the rulings of the court in denying the continuance, as above stated, and in refusing to grant a new trial. The statute, Rem. & Bal. Code, § 322 (P. C. 81 § 555), provides:

"A motion to continue a trial on the ground of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it . . ."

Section 399 (P. C. 81 § 729) provides, that a new trial may be granted for accident or surprise which ordinary prudence could not have guarded against. The trial court was

evidently of the opinion that ordinary prudence and diligence in procuring this evidence before the trial had not been exercised by the appellant, and for that reason denied the motion for a continuance and the motion for a new trial. We think the trial court was clearly right in so ruling. The complaint, as we have seen, alleged that the marriage occurred at a certain time and place. The appellant in his answer denied this allegation. His whole defense upon the trial was that he had never been married to the respondent. The evidence on the part of the respondent showed that she was regularly married to the appellant at the time and place stated, and that she had lived with him for a period of eleven years; that during all that time he had held her out as his wife, had addressed letters to her as his wife, had introduced her to his friends and relatives as his wife, and that they had lived together as man and wife. This was clearly sufficient to prove that a ceremonial marriage had been performed. In *Shank v. Wilson*, 33 Wash. 612, 74 Pac. 812, we said:

"It is well established law, not necessitating the citation of authority, that the proof of continual cohabitation of a man and woman, and of a continual assertion that the marriage relation exists, and proof of such conduct as is consistent with the marriage relation, raises the presumption, in those states where the common law marriage itself is not held to be a legal marriage, that the ceremonial or legal marriage has preceded the acts mentioned."

In *Summerville v. Summerville*, 31 Wash. 411, 72 Pac. 84, we held to the same effect. Under the rule in this state, the evidence on the part of the respondent was sufficient to show a ceremonial marriage.

But the appellant insists that he was taken by surprise which ordinary prudence and diligence could not have guarded against, when the respondent testified that the marriage was performed by certain persons in the state of Wisconsin at a certain time, in the presence of certain witnesses.

It is plain, we think, that the appellant, when the complaint was served upon him, was informed thereby, and was bound to take notice, that the respondent would testify that the marriage occurred at the time and place therein stated. If he desired to know who performed the ceremony and who the witnesses were who were present, if he in fact did not know, and if he in fact was not married to the respondent, it was his privilege as well as his right, under the statute (Rem. & Bal. Code, §§ 1226, 1227; P. C. 81 §§ 1071, 1073), to propound interrogatories to her and have her answer who performed the ceremony, and who the witnesses were. His neglect to propound these interrogatories and obtain answers thereto, or to have the complaint made more specific in that respect, was such neglect as would authorize the court, upon the trial of the case, to say there was lack of due diligence and no occasion for accident or surprise, and therefore to deny his motion for a continuance and his motion for a new trial.

While the appellant makes an assignment to the effect that the court erred in entering the decree, this assignment is not argued in the brief. The evidence is overwhelming—in fact, it is admitted—that he had abandoned the respondent and did not intend to live with her any more. He had refused to furnish her the necessaries of life, and he had been cruel and abusive to her. Upon his own statements, the court was justified in entering a decree upon the evidence in the record.

The judgment appealed from is therefore affirmed.

CROW, C. J., PARKER, and FULLERTON, JJ., concur.