## Sally Davis, also known as Sally Davis Cowan, Appellee, v. Viola Tickell, Administratrix of the Estate of John Cowan, Deceased, Appellant.

1. MARRIAGE—*adjudication of insanity not conclusive evidence of subsequent incapacity to marry.* Incapacity to enter into the marriage relation on a specific date is not shown, in a controversy between decedent's sister and one claiming to be his widow for letters of administration of decedent's estate, by evidence that about fifteen months prior to the alleged marriage decedent had been stricken with paralysis which seriously affected his speech and locomotion, and that six months before the marriage he was adjudged insane and committed to a State hospital and by testimony of the sister that he was never restored to capacity that she knew of, where it appears that after a few days at the hospital the sister removed decedent to his home and there is evidence, including the testimony of the attending physician, that he was rational at all times after his return from the hospital.

2. MARRIAGE—*proof of common-law marriage.* A common-law marriage prior to 1905 is shown in a controversy between decedent's sister and one claiming to be his widow, for letters of administration, by evidence that decedent and the alleged widow lived together as husband and wife from 1894 until the time of his death, that they were reputed to be husband and wife and that she was introduced by him as his wife and joined with him as wife in the execution of mortgages on his property, where no impediment to marriage is shown and there is no evidence that the relation was meretricious in its inception, although there is no positive proof as to the actual making of a marriage contract.

3. MARRIAGE—*ceremonial marriage not conclusive evidence against previous common-law marriage.* The fact that decedent and one claiming to be his widow entered into a ceremonial marriage after they had lived together many years as husband and wife under the claim of a common-law marriage is not conclusive evidence that the latter relation had not been entered into by the parties.

Appeal by defendant from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1923. Affirmed. Opinion filed July 2, 1923.

MARTHA L. CONNOLE, SAMUEL W. BAXTER and DAVID E. KEEFE, for appellant.

E. L. MAHER and HILES, NEWELL & BROWN, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

The sole question involved herein is whether appellee is the widow of John Cowan, a colored man who died on June 17, 1922. The probate court appointed his sister, Viola Tickell, administratrix of his estate and appellee filed her petition to have the letters of administration revoked on the ground that she is his lawful widow and entitled to administer. Upon a hearing her petition was denied and she appealed to the circuit court. That court held that she was the widow of the deceased and was entitled to the relief prayed.

The evidence shows that appellee and deceased were married by a minister on October 25, 1921, but appellant insists that the marriage was illegal and void because the deceased was insane at the time it was attempted to be solemnized. It appears that about two years prior to his death the deceased was stricken with paralysis which seriously affected his speech and power of locomotion. It also appears that on April 28, 1921, appellee filed a petition in the probate court for an inquest as to his sanity and upon the report of a commission he was found to be insane and was committed to the Alton State Hospital. He was at the hospital but a few days when he was taken to his home by appellant.

Appellee offered evidence tending to show that his mind was rational at all times after he returned from the hospital. The doctor who attended him testified to that effect. Appellant was the only witness who testified on her behalf in regard to that matter and she simply said: "He was never restored to his mentality at any time that I know of." Her claim that he was insane at the time of the marriage is based

solely on that statement and the fact that he was adjudged insane on April 28, 1921.

The judgment of a probate court in adjudging a person insane and appointing a guardian is not conclusive of such person's incapacity to contract a valid marriage. *Payne v. Burdette,* 84 Mo. App. 332. An inquisition of lunacy is only prima facie evidence of the subsequent incapacity of the lunatic to contract a marriage, and may be rebutted by the other party to the marriage. *Johnson v. Kincade,* 37 N. C. (2 Ired. Eq.) 470; *Goodheart v. Ransley,* 11 Ohio Dec. (Reprint) 655. The presumption in favor of the legality of a marriage will prevail over the presumption that one who has been adjudged insane continues so until duly adjudged sane. *Castor v. Davis,* 120 Ind. 231, 22 N. E. 110. Even though the statute makes void the contract of a person made after inquest, yet a contract made by him during a lucid interval is binding without an adjudication of restoration to reason. *Stitzel v. Farley,* 148 Ill. App. 635; *McCormick v. Littler,* 85 Ill. 62.

The trial court saw and heard the witnesses and we are not prepared to say that its conclusion that the deceased was mentally capable of contracting marriage is so manifestly against the weight of the evidence as to require a reversal.

The evidence further shows that deceased and appellee lived together as husband and wife in Madison county from 1894 until his death in 1922, except when she was away for short periods at rare intervals. They were reputed to be husband and wife. He frequently introduced her as his wife and she joined with him as his wife in the execution of several mortgages on his property. All of the facts are shown from which the existence of a common-law marriage might be presumed prior to the time such marriages were prohibited in 1905. It is true that no witness testified to having been present at the making of the marriage

contract, nor is there any positive evidence that there was such a contract. Neither is there any showing that there was any impediment to their marriage or that the relation assumed was meretricious in its inception. In criminal prosecutions the marriage contract must be proven before the defendant can be convicted.

On many questions, however, cohabitation and repute are adequate evidence from which marriage may be presumed. The manner in which persons living together as husband and wife are received among their friends and neighbors, their reputation and declarations, most commonly spring from the fact of cohabitation. They are shadows attending on cohabitation and all taken together may give rise to a presumption of marriage, which presumption increases with the lapse of time the parties are cohabiting as husband and wife. *Hiler v. People,* 156 Ill. 511-520; *Maher v. Maher,* 183 Ill. 61.

To prove a common-law marriage it is not necessary to prove the contract itself, but it is sufficient if the facts of the case are such as to lead to satisfactory evidence of such a contract having taken place; and upon this principle the acknowledgment of the parties, their conduct towards each other and the repute consequent upon it may be sufficient to show a marriage. *Herald v. Moker,* 257 Ill. 27; *Travers v. Reinhardt,* 205 U. S. 423, 27 Sup. Ct. 563; *Campbell v. Campbell,* L. R. 1. H. L. Sc. App. Cas. 182.

Appellant contends that the fact that there was a ceremonial marriage on October 25, 1921, is conclusive evidence the parties had not entered into a common-law marriage. It has been held that evidence showing a common-law marriage is not overcome by a subsequent ceremonial marriage, as there are many reasons why the parties might desire to take such a course. *Shank v. Wilson,* 33 Wash. 612, 74 Pac. 812; *Adger v. Ackerman,* 115 Fed. 124; *Simmons v. Simmons* (Tex.

Civ. App.) 39 S. W. 639; *Betsinger v. Chapman,* 88 N. Y. 488.

We are of the opinion that, in any view of the case, the court did not err in finding that appellee is the widow of John Cowan, deceased, and that the letters of administration issued to Viola Tickell should be revoked. The judgment is affirmed.

*Affirmed.*